GEORGE W. LOWRY et al., Plaintiffs in Error, *v.* HENRY C. WRIGHT et al., Defendants in Error.

ERROR TO MORGAN.

An attachment cannot be levied upon an equitable interest in land.

ON the 22d of November, A. D., 1852, the complainants Lowry and Filley, filed a bill against the defendants Wright, Duncan, and Foster, in which it is alleged that Wright was, on the 31st of January, 1852, by contract with Duncan, the owner of the legal or equitable title to lot No. 13 in block 21, in town of Waverley, in county of Morgan; on which lot was a house and other improvements made by Wright, who was in possession of the same; that Lowry and Filley respectively had separate writs of attachment issued against the property of said Wright on said day; that they were instantly levied on said lot by sheriff; that Lowry obtained a judgment against Wright in said attachment proceeding; that Filley obtained judgment against Wright in said attachment proceeding; that the court ordered said lot to be sold to satisfy said judgments, and awarded writs of *fieri facias.* The bill alleges in substance that Wright is the owner of said lot, and prays the court to decree that said lot be sold, together with whatever claim said Duncan and Foster may have to the same.

On which bill process issued returnable to March term, 1853, of said court, and was duly served on Duncan and Foster.

On March 9, 1853, Duncan and Foster filed an answer to said bill, in which they pray that said bill be dismissed, because it does not show that the executions on said judgments were levied on said house and lot, or that any execution ever issued against Wright, and was returned for want of property; that said bill is void, because it does not show that Wright had a legal estate in said property, an equitable interest not being subject to attachment. Defendants deny that Wright had any title to said lot at date of levy of said attachment, but assert that said property belonged to and was in possession of Duncan, who shortly after levy sold it to Foster, who has since conveyed the same. Duncan says that he, being the legal owner of said lot in 1851, (date not positively stated,) verbally contracted the same to Wright, who went into possession and made improvements; that some time before these attachments were levied on said property, Wright informed Duncan of his inabil-

ity to pay for said property, and proposed surrendering back the possession to Duncan if Duncan would pay him for improvements made on the same, whereupon Duncan did receive back the property, and paid Wright for his improvements. All fraud is denied, and proofs required of the same.

To which answer a replication was filed, denying the answers of defendants.

DAVID A. SMITH, for plaintiffs in error.

M. McCONNEL, for defendants in error.

CATON, J. The only question in this case is, Whether an attachment can, under our statute, be levied upon an equitable interest in land? A question somewhat similar to this has been decided at this term in the case of May *v.* Baker, ante, p. 89. It was there decided that an equitable interest in a debt could not be attached in the hands of a garnishee. As was said in that case, this is a proceeding not in conformity to the common law, but is created by statute, and is in derogation of the common law; and whatever is done under this proceeding must find its sanction in the statute, if it is to be sustained. The whole question, then, depends upon the construction which the statute will bear. The statute says, the writ shall command the sheriff " to attach the lands, tenements, goods, chattels, rights, credits, moneys, and effects of said debtor of every kind," &c. Does the statute which requires the " lands and tenements" of the debtor to be attached, authorize the seizure of lands in which he has an equitable interest, but to which he has no legal title? We think very clearly not. It has been always held that statutes which authorize the lands and tenements of the debtor to be taken in execution, only subjected those lands and tenements to which the debtor had a legal title, to the levy and sale, and do not authorize the sale of the debtor's equitable interest in lands. The same rule must apply in this case. Our legislature has seen fit to extend the remedy in case of an execution. Our statute provides, that an execution may be levied upon the " lands, tenements, and real estate " of the judgment debtor, and then declares, " The term ' real estate ' in this section shall be construed to include all interest of the defendant or any person to his use, held or claimed by virtue of any deed, bond, covenant, or otherwise, for a conveyance, or as mortgagor or as mortgagee of lands in fee for life or years." This shows what it was deemed necessary by the legislature to do in order to subject an equitable interest in lands to sale, upon an execution. It was

correctly understood that without this explanatory clause, nothing but the defendant's legal title could be sold; the statute authorizing an attachment to be levied on land, is very different. In this statute the words "real estate" are left out altogether, and it is that designation of estate which is declared to embrace equitable interests, leaving the terms "lands and tenements," even in that statute, to be understood as specifying only legal titles. Then shall they receive a broader signification in the attachment law, where there is no such explanatory clause, nor any thing to be found indicating an intention that equitable interests were designed to be embraced? If it was deemed necessary to insert that special clause in order to embrace equitable interests in case of execution, and in view of that, it was inserted, its omission in the attachment law affords very strong proof that it was not designed in that harsh and sometimes oppressive proceeding, to give it so broad a scope. Had they intended to subject equitable interests in lands to attachment, they would have specially provided for it. They have not done so, and the presumption is, that they intended to make a distinction in that respect between executions and attachments.

We think the circuit court decided properly, and its decree must be affirmed.

*Decree affirmed.*