*Rule made absolute.*

CORBIN WEST *et al.*

*v.*

SARAH A. SCHNEBLY.

1. CLOUD UPON TITLE—*when relief granted.* Where a party seeks to remove a cloud upon his title to land, and it appears he has himself no title to the premises, the relief can not be granted.

2. So where a party sought relief of that character, claiming title by virtue of a sale under an attachment levied on the defendants' equitable interest in the premises, which at that time was not subject to attachment, and there being no personal service, the relief sought was denied, the attachment proceeding being void for want of jurisdiction.

3. ATTACHMENT—*jurisdiction.* In order to acquire jurisdiction in an attachment suit, there must be either service on the defendant, or on his property, subject to attachment.

4. SAME—*of an equitable interest in land.* Prior to the passage of the act of March 31, 1869, an equitable interest in land was not subject to attachment.

5. PLEADING IN CHANCERY—*construction thereof.* A party claiming title to a tract of land by virtue of a sale under an attachment, filed a bill in chancery to remove a cloud upon his title. The attachment proceeding not appearing in the record further than as stated in the bill, which alleged that "the complainant commenced the suit by attachment and attached the land, and that a special execution issued," it was *held*, as the bill must be taken most strongly against the complainant, to be the fair intendment that attaching the land was the only execution of the writ, and that there was no personal service.

524　　　　　　WEST *et al. v.* SCHNEBLY.　　　[Sept. T.,

Opinion of the Court.

APPEAL from the Superior Court of Chicago; the Hon. J. A. JAMESON, Chief Justice, presiding.

The opinion sufficiently states the case.

Messrs. MOORE & CAULFIELD and Messrs. WALKER, DEXTER & SMITH, for the appellants.

Mr. W. T. BURGESS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the twenty-ninth day of November, 1862, Corbin West, one of the appellants, filed in the superior court of Chicago a bill of complaint against Sarah A. Schnebly and Joseph R. Schnebly, setting forth in substance that, on the fifteenth day of August, 1862, he obtained a sheriff's deed of a certain tract of land in Cook county, made in pursuance of a sale under a special execution in a suit by attachment, commenced by him against the said Joseph R. wherein he attached the land; that the said Joseph R. some time previously, in 1853 or 1854, purchased the land by contract of Geo. W. and Julian S. Rumsey, and having made the different payments therefor with his own money, on the sixteenth day of February, 1857, for the purpose of keeping the land from his creditors, and defrauding them, with the connivance of the said Sarah A. Schnebly, his wife, he fraudulently procured the said Rumseys to make the deed of the land to her; that the deed was a cloud upon his title that ought to be removed; prayed a conveyance of the land from the said Joseph R. and Sarah A. to him. The decree found the deed to be fraudulent, as to the complainant, and directed such conveyance.

Notice by publication had been given, and the bill taken for confessed.

The bill, in this case, was filed by the said Sarah A. Schnebly, to review and set aside the former decree.

As appears from that record, Joseph R. Schnebly, at the time of the levy of the attachment upon this land, in the attachment suit, had no legal estate in the land, but only an equitable interest in it—the legal title, at that time, was in Sarah A. Schnebly, his wife—or, if the deed from the Rumseys to her was void as to West, then the legal title would have rested in the Rumseys—it never was in the said Joseph R.

Prior to the act of March 31, 1869, an attachment could not be levied upon an equitable interest in land. *Lowry et al.* v. *Wright et al.* 15 Ill. 95.

It is a rule of law that, in order to give the court jurisdiction in an attachment case, there must be service on the defendant or his property. *Hinman* v. *Rushmore*, 27 Ill. 509.

By a proceeding in attachment against property not subject to attachment, the court fails to acquire jurisdiction of the subject matter, and no service being had on the owner, a judgment is void, and a sale under an execution on such a judgment, confers no title upon the purchaser. *Knisely* v. *Parker*, 34 Ill. 482.

The attachment proceedings do not appear in the record further than as stated in the bill, but as that states the complainant commenced the suit by attachment, and attached the land, and a special execution issued, and the bill is to be taken most strongly against the complainant, the fair intendment is, that attaching the land was the only execution of the writ, and that there was no personal service.

The attachment proceedings, then, were void for want of jurisdiction, and West took nothing under them; and as they formed the basis of his claim under the bill, he was without any ground for relief; and it being apparent, upon the face of the record, the court properly reversed the former decree and dismissed the bill in that case.

The decree of the court below is affirmed.

*Decree affirmed.*