528        VAN OHLEN *v.* VAN OHLEN.        [Sept. T.,

Opinion of the Court.    Syllabus.

CHRISTIAN VAN OHLEN

*v.*

HENRY VAN OHLEN.

EASEMENT; LICENSE. Where a party, holding a bond for a deed to a tract of land, sold a portion of the tract to a third person, and procured a bond for a deed thereto, to be executed to him by the original vendor, in consideration of an agreement in writing, though not under seal, between

the original purchaser and his vendee, that the latter should keep open a ditch, across the portion so sold to him, sufficient to carry off the water from two ditches on the other portion of the tract, it was *held,* such agreement was not a mere license, revocable at the will of the party who agreed to keep the ditch open, by reason of the agreement not being under seal, but it was supported by a valuable consideration, creating a vested right of the character of an easement.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. R. G. MONTONY, Judge, presiding.

The opinion sufficiently states the case.

Messrs. PARKS & ANNIS, for the appellant.

Mr. CHARLES J. METZNER, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The declaration in this case avers that the plaintiff, holding a bond from one Lewis for a deed to a quarter section of land, upon which he had paid $50, and was to make further payments before receiving his deed, sold his interest in the south half of the land to the defendant, and surrendered his bond to said Lewis, who thereupon gave to plaintiff a new bond for the north half, and to defendant a new bond for the south half, and defendant went into possession. The declaration further avers, that the consideration for this arrangment was an agreement by defendant to make and keep open a ditch across the south half of the quarter section, sufficient to carry off the water from two ditches on the north half, which agreement was in writing, and duly executed, and avers a breach, to the damage of the plaintiff. The general issue was pleaded. On the trial the plaintiff offered in evidence the written agreement, and to prove its consideration as set out in the declaration. The court ruled out the evidence.

34 — 56TH ILL.

It is insisted by counsel for appellee that this is a mere license, revocable at will, and can not become a vested right of the character of an easement, except by deed under seal. But the cases cited in support of this position differ from the one at bar in this essential particular : Here, there was a valuable consideration passing from the plaintiff to the defendant, for which the latter agreed to perform a certain act, the effect of which would be a benefit to the plaintiff. The cases cited were mere licenses without consideration, and, of course, revocable when not created by deed.

The case at bar is not one of license. There was here a mutual agreement to do certain things by each party. It has been fully performed on the one side, and justice requires that it shall be performed on the other, or an equivalent rendered in damages. The evidence should have been admitted. The judgment is reversed and the cause remanded.

*Judgment reversed.*