# Samuel Wing *et al.*

## *v.*

# Edward Sherrer.

1. Removing cloud on title—*jurisdiction of court of equity.* Prior to the passage of the act of 1869, a court of equity would not assume jurisdiction to remove a cloud from the title to real estate, unless it appeared that the owner was in possession, for the reason that the law afforded him a complete remedy in the action of ejectment. That act has given jurisdiction in cases where the land is unimproved and unoccupied.

2. Chancery—*cases in which relief is discretionary.* The rescission of contracts, the cancellation or the delivering up of agreements, securities or deeds, or the specific performance of contracts, are not matters of absolute right, upon which a court of equity is bound to pass a final decree; but in such cases it will exercise a sound legal discretion in granting or refusing relief, according to what is reasonable and proper under all the circumstances of each particular case.

3. Same—*relief in cases where equity has concurrent jurisdiction—fraud.* It may be stated as a general proposition, that, in all cases arising out of fraud, equity has concurrent jurisdiction with courts of law. But parties will be referred to that forum where justice can be most effectually administered, and the right most satisfactorily established. As a general rule, it is better, in all cases of a doubtful character, presenting a conflict of evidence, that the parties should be remitted to whatever remedy they may have at law, although equity might entertain jurisdiction.

4. Removing cloud on title—*party must show title to maintain bill.* On bill to set aside a contract of sale and a conveyance of land as a cloud on title, on the ground that the contract and deed are forgeries, or made by some one personating the complainant, and assuming his name, the complainant must show title in himself when that fact is put in issue. The admission that a party of the same name under whom the defendants claim, was the owner, is not an admission of the complainant's ownership.

5. Same—*where the identity of the owner is left doubtful.* Where one who was admitted to have been the owner of lots, conveyed them to one A, of the city of New York, who was a stranger in the city where the lots were, and afterwards a person, claiming to be A and the owner of the property, authorized their sale by certain real estate agents, and upon a sale being effected, conveyed the same to the purchaser, and another person of the same name, claiming to be the owner, filed a bill against the purchasers in possession, to have the sale and conveyance set aside as forgeries, on the ground they were a cloud upon his title, and the proof left

it in doubt which of these parties was the one who had acquired the title under the first deed, it was *held*, that, owing to the uncertain and unsatisfactory state of the evidence in this respect, the complainant should be remitted to a court of law to establish his title to the property, and the fact of the forgery, and after that was done, a court of equity would, on bill, remove the cloud upon his title.

6. SECONDARY EVIDENCE—*foundation to admit.* Where the record of a deed was destroyed by fire, but the proof showed that the original had been placed in the hands of a third party in Brooklyn, N. Y., some years ago, and that the party claiming under it applied to such custodian for it, but was informed it was lost, but no search for it was proved: *Held*, that no foundation was laid for the introduction of evidence of its contents, either by parol or by proof of the contents of the original abstract of title, if the latter was admissible at all.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

This was a bill in chancery, exhibited by Edward Sherrer against Samuel Wing, Samuel W. Kroff, Lydia and Alice C. Whitman, Martin J. Whitman, Catharine C. Kroff, Elizabeth Kroff and Rienhard Hageman. The object of the bill and the material facts of the case appear in the opinion of the court.

Mr. GEO. HERBERT, for the appellants.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Prior to the passage of the act of 1869, a court of equity would not assume jurisdiction to remove a cloud from the title to real estate unless it appeared the owner was in possession. That act extended the jurisdiction of the court so that it might hear and determine bills to quiet title and to remove clouds from the title to real estate where the lands in controversy were unimproved or unoccupied. The reason for the previous rule that obtained, was, the party had a remedy at law. He could assert whatever title he had in an action of ejectment.

That equity will entertain a bill to quiet title or remove a cloud from the title to real estate, is now the settled law, and, since the recent statute, it is immaterial whether the party claiming to be the owner is in possession, or whether the lands are unimproved or unoccupied. The exercise of this branch of equity jurisprudence has always been held to be within the sound discretion of the court. The rescission of contracts, the cancellation or delivering up of agreements, securities or deeds, or the specific performance of contracts, are not matters of absolute right upon which a court is bound to pass a final decree, but it will exercise a sound legal discretion in granting or refusing relief, according to what is reasonable and proper under all the circumstances of each particular case.

It may be stated as a general proposition, that, in all cases arising out of fraud, equity has concurrent jurisdiction with courts of law. But parties will be referred to that forum where justice can be most effectually administered and the right most satisfactorily established. As a general rule, it is better, in all cases of a doubtful character, presenting a conflict of evidence, the parties should be remitted to whatever remedy they have at law, although equity might entertain jurisdiction.

Complainant, claiming to be the owner in fee of four lots described, filed a bill to remove a cloud from the title, said to have been cast upon it by reason of a contract of sale to Samuel Wing, purporting to have been executed in his name by Warren & Goodrich, and a deed made in pursuance of that agreement by a person representing himself to be Edward Sherrer, which deed purported to convey the property in fee to Wing.

The authority of Warren & Goodrich to execute any agreement in the name of complainant for the sale of the property, is distinctly denied, and the deed made in pursuance of the contract is charged to be a forgery. Both the contract and the

deed were placed on file in the proper office in Cook county, where the property is situated.

Preliminary to any relief, in any view of the case, it must be proven complainant is the owner of the real estate in controversy. By the pleadings, his title is put directly in issue, and the burden of proof rests upon him to maintain it.

The admission that the Edward Sherrer from whom defendants claim title to the lots, is the owner, is not an admission that Edward Sherrer, complainant, is the owner. It is not necessary, perhaps, that complainant should deraign title from the government, but it is necessary he should show title in himself to the property, otherwise he can have no standing in any court. This he has attempted to do, by proving a conveyance of the lots to himself from Peter Shimp, who was and now is a resident of Chicago, where the property is situated, and in whom both parties concede the title was.

No original deed was offered in evidence from Shimp to complainant for the lots; nor do we think any foundation has been laid for the introduction of secondary evidence of its contents. Whatever record of it existed, was destroyed by fire when the court house was burned in 1871. The original deed had been placed in the hands of George Schaffer, in Brooklyn, N. Y., some years ago. Sherrer applied to him for it, but was told it was lost. Schaffer's testimony was not taken, and there is not a particle of evidence that he ever made any search for it. Its destruction is not proven, *non constat* but it could have been found, had search been made. There was, then, no foundation laid for the introduction of evidence of its contents. either by parol or by proof of the contents of the original abstract of title, if the latter evidence was, in any event, admissible. Excluding this evidence, as it ought to have been, there remained nothing to connect complainant with the title to these lots. This was a vital point in the case. Failing to show, by any competent evidence, title in himself to the property, the relief sought ought to have been denied. So far as this record shows, he was a

stranger to the title, and may not intermeddle. This view of the law is warranted by the decisions in this court, and is fatal to the present decree. *Hopkins* v. *Granger*, 52 Ill. 504; *West* v. *Schnebly*, 54 Ill. 523.

The record presents a curious and most singular state of facts. Edward Sherrer, complainant, is a native of Switzerland, but now a resident of the city of New York. His business is plating ware, but how extensively he is engaged in that business does not appear. In 1861 he was called upon in the city of New York by Peter Shimp, whom he had never seen before. Shimp represented he called upon him through the recommendation of Conrad Schweitzer, of Canton, Ohio. After some negotiation, it is insisted Sherrer purchased the lots involved in this litigation, of Shimp, for the sum of $900, paying for the same partly in plated ware, or jewelry, some money, his note and mortgage on the premises, and by assuming the payment of a previous mortgage.

In 1868, a stranger, representing himself to be Edward Sherrer, called at the office of Warren & Goodrich, in Chicago, and authorized them to sell these lots for him, claiming that he was the owner. On the next day, Warren & Goodrich effected a sale of the lots to Samuel Wing, and gave him the contract set forth in the bill. Soon after, the preliminaries having been adjusted, this Edward Sherrer made a deed to Wing of the property, which was acknowledged before Bradley, a notary public. Upon making the deed, Wing paid over all the purchase money, which was received by Sherrer, except an amount kept back until it should be made to appear a previous mortgage had been paid. Satisfactory evidence having been produced, the residue of the purchase money was subsequently paid to Bradley, in pursuance with an arrangement made with Sherrer. This Edward Sherrer seems to have been an entire stranger to all the parties engaged in the transaction. Bradley, who took the acknowledgment of his deed, had no personal acquaintance with him, and had never seen him before he called to secure his services in this matter. He

was equally a stranger to Warren & Goodrich, but when he called on Bradley, he gave them as reference. All agree he seemed to know all about the property, and the incumbrances upon it. As soon as he received the first payment, which was nearly all the purchase money, and amounted to a very considerable sum, he left, saying he was going to send the money away by express, and has never been heard of since. The residue of the last payment, after deducting some charges, still remains in the hands of Bradley.

The proof seems to be very clear, complainant is not the Edward Sherrer who made the deed to Wing, and acknowledged the same before Bradley, but whether complainant is the Edward Sherrer, of the city of New York, to whom Shimp conveyed these lots, is left in very great doubt by the evidence. Proof of his identity rests alone upon his own testimony and that of Shimp. But Shimp's testimony is so much discredited by proof of his notoriously bad reputation for truth and veracity, that full confidence can not be placed in it. In the details of what occurred between them in New York, their testimony is contradictory in the extreme. Complainant's own account of the transaction is unreasonable and highly improbable. Schweitzer, whom complainant says he knew in his native country, is said to be still living in Ohio, but his testimony was not taken to establish his identity.

In this uncertain and unsatisfactory state of the evidence, complainant should be remitted to a court of law to establish his title to this property, whatever it may be.

The defendants allege, in their answer, they are in possession of the property, and nothing appears in the record to disprove it.

Complainant can bring ejectment, and may prove the deed under which defendants claim the property, is a forgery. That question can better be tried in a court of law, than in chancery. It involves the identity of two persons, comparatively unknown, each claiming to be Edward Sherrer, the grantee of Shimp.

Defendants bought in good faith. for an adequate consideration, and they ought not to be deprived of their property, except upon satisfactory proof. They are in possession, as they allege, under a deed, *prima facie* good, from the apparent owner, having been acknowledged under all the solemnities and forms of the law. It is this title that complainant assails. Something in addition to his own testimony ought to be required. Whether the testimony of Shimp will be regarded as sustaining complainant, and make that clear and positive proof the law requires, the deed under which defendant's claim is a forgery, is a question of fact that ought to be submitted to a jury.

When complainant shall have established his identity as the grantee of Shimp, it will be appropriate, if the contract once of record but long since destroyed shall be construed to be a cloud upon his title to this property, to file a bill to have it removed. This he ought to do before coming into a court of equity.

The decree will be reversed and the bill dismissed without prejudice.

*Decree reversed.*