## Hannah Douglas

### v.

## William Hartzell.

1. Forcible detainer—Evidence of mental incapacity.—An action of forcible detainer was brought by plaintiff, who claimed possession by right of a quitclaim deed, made in 1876, by defendant's mother, who by agreement was to remain on the premises during her lifetime.   In 1880 the mother died, leaving defendant in possession.   Upon the trial, defendant offered to prove by several witnesses, that her mother, at the time of the execution of the deed, for a long time prior thereto, and until her death, was *non compos mentis*, to which evidence the court sustained an objection. *Held*, that this was error.   If the grantor was incapable of understanding the transaction, it was not her deed, and this fact may as well be shown in a court of law as equity.

2. Law and equity jurisdiction.—In all cases arising out of fraud, equity has concurrent jurisdiction with courts of law.   But parties will be referred to that forum where justice can be most effectually administered,

and the right most satisfactorily established. As a general rule, it is better in all cases of a doubtful character, presenting a conflict of evidence, that the parties should be remitted to whatever remedy they have at law, although equity might entertain jurisdiction.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 10, 1884.

Mr. A. G. GORDON and Mr. ALEXANDER HOOD, for appellant; that the title to property is not involved in this kind of an action, but possession must be shown, cited Johnson v. Baker, 38 Ill. 98; McCartney v. McMullen, 38 Ill. 237; Thompson v. Sornberger, 59 Ill. 326.

The defense of fraud and that the party was *non compos mentis* can be set up: Rogers v. Brent, 5 Gilman, 573; Wing v. Sherrer, 77 Ill. 200; Caldwell v. King, 4 Cowen, 207.

Courts of law as well as equity afford protection to those who are of unsound mind: 1 Parsons on Contracts (5th Ed.), 387; Allen v. Hart, 72 Ill. 104; Clement v. Boone, 5 Bradwell, 109.

Mr. J. B. SIMPSON and Mr. JAMES J. MORRISON, for appellee.

CASEY, P. J. This was an action of forcible detainer heard in the Circuit Court of Randolph county on an appeal from a justice of the peace. The case is brought to this court by appeal. On the trial of the cause in the circuit court the plaintiff (appellee here) to establish his cause of action, introduced in evidence a quitclaim deed made by Mary Douglas in June, 1876, conveying to appellee the property in question. The deed was duly acknowledged and recorded. The plaintiff further testified as follows: " I am the owner of the property and entitled to the possession of it. At the date of the deed I held Mary Douglas' note for $775, and a deed of trust on the property. The note was dated July 18, 1862.

" In the fall of 1875, I told her the Statute of Limitations would soon run against the note and deed of trust, and unless she made me a deed I would foreclose.

Douglas v. Hartzell.

" I told her the principal and interest amounted to twice as much as the property was worth, but that if she would make me a deed, I would obligate myself to let her remain on the property as long as she lived free of rent.

" The deed was made in June, 1876, and delivered to my agent.

" In the fall of 1876 Mary Douglas told me she had made the deed and gave it to Chestnutwood, my agent, and I told her again that she could live there as long as she lived and would make it in writing if she wanted it, but she said she would take my word for it. Mary Douglas died in 1880, leaving Hannah Douglas, appellant, (her daughter) in possession of the premises. I never rented to Hannah Douglas." On cross-examination he stated the amount due on the note of principal and interest at the time the deed was made was $1,800. Demand for possession was shown.

Upon the trial the defendant offered to prove by several witnesses that " Mary Douglas at the time of the execution of the deed and for a long time prior thereto and from that time until her death was old, an imbecile, and incompetent to transact any business on account of mental incapacity, or to know or understand what she was doing when she executed the deed offered in evidence."

To which evidence the plaintiff objected and the court sustained the objection. Exceptions were taken by the defendant to the ruling of the court. And the second error assigned in this court is, the court erred in not allowing the defendant to show that Mary Douglas, at the time of the execution of the deed to William Hartzell, was *non compos mentis*. We think the error is well assigned, and that the court erred in refusing to allow the defendant to show that Mary Douglas, because of mental infirmities, was incapable of transacting that character of business when the deed was made. This is not an action to try the title to the premises, but simply to ascertain who is entitled to the possession of the premises.

The plaintiff claimed possession because of the deed, and under the statutes of forcible entry and detainer, as amended in 1881, he is enabled to bring this action. If it was

an action of ejectment, the defendant would be allowed to show that the deed was a forgery. In Wing et al. v. Sherrer, 77 Ill. 200, it is in substance said that in all cases arising out of fraud, equity has concurrent jurisdiction with courts of law. But parties will be referred to that forum where justice can be most effectually administered and the right most satisfactorily established. As a general rule it is better in all cases of a doubtful character presenting a conflict of evidence, the parties should be remitted to whatever remedy they have at law, although equity might entertain jurisdiction.

The general rule is that sanity is to be presumed until the contrary be proved. A deed made by a person *non compos, mentis* is not void, but voidable only.

When an act is sought to be avoided on the ground of mental imbecility, the proof of that fact devolves upon the person who makes the allegation.

If, however, a general mental derangement be once established or conceded, the presumption is shifted to the other side, and sanity is to be shown. 2 Kent's Com., 451; Jackson v. Vanduson, 443; Jackson v. King, 4 Cowen, 216.

If the grantor in the deed to appellee was insane or an imbecile at the time of the execution of the deed and was incapable of understanding the transaction, then it was not her deed. This fact may as well be shown in a court of law as equity. Appellee relies upon his deed for a recovery in this case. The defense is that Mary Douglas at the time of the execution of the deed was *non compos mentis*. We think that the testimony was competent and that the court erred in refusing to allow it to go to the jury.

For this reason the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.