WILLIAM L. SIMPSON ET AL., COMMISSIONERS OF HIGH-
WAYS OF FLAT BRANCH TOWNSHIP,

v.

JAMES B. WRIGHT AND SARAH L. WRIGHT.

*Bill by Commissioners of Highways for Injunction to Prevent the Filling of Ditch—Easement—Parol License to Enter Premises of Another—Revocation—Statute of Frauds—Pleading—Parties.*

1. A bill to enjoin the owner and occupant of premises adjoining a highway from filling up an artificial ditch thereon, and without the limits of the highway, does not lie, unless the public has by deed, prescription or condemnation acquired a right to the use of such ditch as an easement. And it is so held, although at the time of filing the bill the ditch had been in existence thirteen years, had been kept open by the Commissioners of Highways, and the occupant had been paid from public funds for improving it under a contract with the Commissioners.

2. A parol license to enter upon or pass over the land of another is revocable at the pleasure of the licensor, and may be revoked by the appropriation of the land to any use inconsistent with the enjoyment of the license.

3. Under the rule that the averments of a bill, when equivocal, must be taken most strongly against the complainant, it must be presumed that the "contract" and the "mutual consent," referred to were merely verbal, and that the occupant had no title to the land or authority to impose upon it the burden of the easement claimed.

4. Such contract and consent, though in parol, were neither void nor voidable under the Statute of Frauds. They amounted merely to a license, which the bill itself shows to have been revoked.

[Opinion filed May 21, 1886.]

APPEAL from the Circuit Court of Shelby County; the Hon. J. J. PHILLIPS, Judge, presiding.

Mr. HOWLAND J. HAMLIN, for appellants.

The right to maintain this suit, and the ground upon which the relief sought to be granted, does not rest on the mere fact of the obstruction, but rests upon the rights secured to the complainants by virtue of the contract set out in the bill.

The complainants had acquired an easement across the lands of defendants for the purpose of draining these highways.

The only case that is almost entirely analogous to this is the case of City of Coldwater v. Tucker, 36 Mich. 437, in which an injunction was granted.

Equity will grant relief in suits of this character. Green v. Oakes, 17 Ill. 249; Sanderlin v. Baxter, 76 Va. 299.

It is claimed that the right of drainage, as set out in the bill, shows a mere license. Then there is jurisdiction in equity to protect the right. If it is mere license, in an action at law, the owner of the land may countermand it, but in equity it will be sustained where the owner has permitted money to be expended and work done. Kerr on Injunctions, Sec. 42, 46; Devonshire v. Elgin, 14 Beav. 530; Legg v. Horn, 45 Conn. 409.

The bill charges, upon information, that Sarah L. Wright claims to be the owner and asks that she disclose her rights. Under this form of allegation she could assert her right by answer, showing what her rights are, but that question can not be raised on this motion.

Mr. ANTHONY THORNTON, for appellees.

The right claimed so far partakes of the character of lands, that it could only be acquired by grant or prescription which implies a previous grant. Forbes v. Balenseifer, 74 Ill. 183.

A parol license, even where valuable buildings have been erected, may be revoked at pleasure. Woodward v. Seeley, 11 Ill. 157.

Even the use of a right of way for twenty years will not make the right absolute. There must be peaceable enjoyment also for the time. Kuhlman v. Hecht, 77 Ill. 570; C. & N. W. R. R. Co. v. Hoag, 90 Ill. 344.

A party in possession has no right to make such a contract as is alleged in the bill. A trespasser, or a tenant, can not grant a valid easement over the land of another. Gentleman v. Soule, 32 Ill. 271.

To entitle one to a perpetual injunction to restrain the grading and improving of land, he must show that he is the owner of the land. Possession is not sufficient. Gleason v. Jefferson, 78 Ill. 399.

Commissioners of Highways have no authority in law to maintain this suit. They have only such powers as are expressly conferred by statute. Brauns v. Peoria, 82 Ill. 11; Commissioners of Highways v. Newell, 80 Ill. 587; P., Ft. W. & C. R. R. Co. v. Reich, 101 Ill. 157.

PLEASANTS, J. The bill filed by appellants sets forth upon information, that Sarah L. Wright claims to be the owner of the W. ½, N. W. ¼ of section 33, in said town, but avers that James B. Wright, her husband, "is in possession, and controls and has for years controlled it;" that there is a highway commencing at the southwest corner of said section and running north on the section line clear through the township; that it passes over low, wet land between sections 32 and 33 and is often impassable at and near the place of beginning by reason of surface water accumulated thereon; that there is an open ditch commencing on the west side of said highway, which crosses it, and running thence northeasterly over said W. ½, N. W. ¼ of section 33, and other tracts, besides two other

highways described, discharges into Flat Branch Creek at a point in an east and west highway between sections 27 and 22.

It then avers that this ditch has been in existence thirteen years by mutual consent of the owners of the several tracts through which it passes, worked by the commissioners, kept open by public funds and used to drain the lands and highways mentioned; that being found insufficient for that purpose, complainants, on the 4th of April, 1885, "entered into a contract with James B. Wright" to widen and deepen it "through its entire length to be and remain an open ditch," for which they were to pay him in part, and the balance he was to raise from the land owners interested; that he proceeded to have the work done; that on June 5th complainants accepted it as completed, and paid therefor on the part of the town the sum of $90, being something more than had been agreed on; that, as so enlarged, the ditch is sufficient to carry off all the water that comes onto said highways at the points where it crosses them, and that "by mutual consent and agreement it was to be an open ditch."

It then avers that on the 11th of September said James B. Wright threw up an embankment across it on the west end, about eight rods from where it commences, and is proceeding to fill it up on said W. ½, N. W. ¼—33, and threatens to place tile therein and to convert it from an open to a tile ditch; the effect of which, it is alleged, will be to cause the water to back up and lie on said highways, soaking the grades and rendering them impassable, and so working irreparable injury.

It therefore prays that defendants "be enjoined from filling up said ditch on the W. ½, N. W. ¼—33, and from throwing or erecting embankments across the same, and from placing tile therein * * * or in any manner interfering with or obstructing said ditch or the flow of water therein."

Upon this bill and the order of the master thereon, without notice, an injunction issued as was prayed. Defendants moved to dissolve it for want of equity and because there was no proper party complainant. The court sustained the motion, awarded to defendants $100 for damages suggested, and

dismissed the bill, which action complainants, who appealed, here assign for error.

We think the decree was right. The bill sought to perpetually enjoin the owner and the occupant of an eighty-acre tract adjoining a highway from filling up an artificial ditch on said tract and without the limits of the highway. *Prima facie* they had a right to fill it. Individuals may lawfully make such erections on their own land or otherwise use it as they see fit, provided they do not thereby infringe upon a public easement or the rights of other individuals. Tanner v. Volentine, 75 Ill. 625; Nevins v. City of Peoria, 41 Ill. 502; The People v. The City of St. Louis et al., 5 Gilm. 351.

It is not pretended that this filling would directly obstruct the highway or flood it by diverting the flow of any natural watercourse or even the natural drainage of surface water. It would simply restore the natural surface of appellee's land which has been thus temporarily and artificially changed, and that this would obstruct the drainage of the highway, as previously affected by the ditch, is immaterial, unless the public have acquired a perpetual or continuing right to it. The bill claims they have; not that appellees are under obligation actively to keep it open and fit for that purpose, as in Van Ohlen v. Van Ohlen, 56 Ill. 528, but that the Commissioners of Highways as such have the right to do so, and that appellees are bound to refrain from any act that would obstruct it.

Such a right or privilege in the land of another amounts to an easement, and such as can be acquired at common law only by deed or prescription, (Forbes v. Balenseifer, 74 Ill. 183; Kamphouse v. Gaffner, 73 Ill. 453; Woolward v. Seeley, 11 Ill. 151,) or under the statute by condemnation, (R. S. 1883, Ch. 121, Sec. 8,) for the "consent" of the owner there spoken of, if to create an easement, must be understood to be such as would be effectual without the statute, that is, a common law consent, which is by deed.

But appellees set up no pretense of its acquisition by either of these means. They show a bare "consent" of the land owners without an intimation of its form or term, which is

manifestly only a license up to April 4, 1885, and rely on the "contract" then made with James B. Wright for the enlargement of the ditch. In the argument it is said "the right to maintain this suit rests upon the rights secured to the complainants by virtue of the contract set up in the bill."

We do not perceive that this strengthens their case. They could have done the work specified under the license previously given until notified of its revocation. Kamphouse v. Gaffner, 73 Ill. 453; Wilson v. Garrard, 59 Ill. 51. Of course they could have had it done for them, and for that purpose could have employed the licensor himself as well as any other. But his agreement to do, for a consideration, what they were licensed to have done, could not of itself change the character or effect of the license. It would be a recognition of it and a consent to its continuance indefinitely, but leaves it subject to revocation precisely as before. Nor would the further facts of its execution and the payment of the consideration make any difference. Kamphouse v. Gaffner, 73 Ill. 453 *et seq.*, where the authorities are cited, and Russell v. Hubbard, 59 Ill. 335, is expressly declared to be "either limited to cases of party walls or considered as overruled." See also Tanner v. Volentine, 75 Ill. 624. The contract, then, to raise this license to the dignity of an easement must have shown such an intention and been by deed.

But it is not so alleged. By a familiar rule of pleading the averments in the bill, where equivocal, must be taken most strongly against the complainant. Happy v. Morton, 33 Ill. 398; West v. Schnebley, 54 Ill. 523; Roby v. Cossit, 78 Ill. 638; Reipho v Reipho, 88 Ill. 438. And in The People v. Swigert, 107 Ill. 494, it was said: "Viewing them in that light, inasmuch as the relator does not claim that the direction * * * in question was in writing, it must be assumed it was a mere verbal order," etc. So here, inasmuch as the bill does not aver that the "contract" with Wright or the "mutual consent" referred to was in writing, it must be assumed they were verbal merely. And that, in effect, being all that is averred, is therefore all that is admitted in this regard by the motion to dissolve, operating as a demurrer. So much, how-

Simpson v. Wright and Wright.

ever, was thereby admitted; and because the contract and consent were so admitted as averred, and their full effect conceded, there was no need, as suggested by counsel, of a plea or answer setting up the Statute of Frauds. That statute, if invoked, would have furnished no aid, because the contract and consent, though in parol, were neither void nor voidable thereunder. But in their full effect they amounted only to a license, and that, the bill itself shows, had been revoked by the party who is alleged to have given it.

In Van Ohlen v. Van Ohlen, 56 Ill. 528, the contract was in writing, and did not purport to confer on plaintiff a right to enter upon defendant's land. The action was brought to recover damages for a breach of defendant's agreement to do something himself on his own land which would have been of benefit to the plaintiff. And in The City of Coldwater v. Tucker, cited by counsel from 36th Mich., as most nearly analogous to the case at bar, the contract was also in writing, and was not objected to for want of a seal. Besides, the injunction was proper in that case because under its peculiar circumstances the repudiation of the contract would have been a serious fraud upon the complainant, as well as an irreparable injury.

In this State, as we have seen, a parol license to enter upon or pass over the land of another is revocable at the pleasure of the licensor, and may be revoked by appropriating such land to any use inconsistent with the enjoyment of the license. That such an appropriation was made in this case is not only shown, but is the very subject-matter of the complaint.

Under the rule of pleading above stated, the bill is still more certainly and clearly defective in another particular. All the right claimed by complainants in the premises is said to be derived from James B. Wright, and yet it is not averred that he had any title to the land or any authority from the owner to put upon it the burden of this easement. The contrary is implied by something more than a mere omission, by the express but limited averments that he was in possession and control of it, and that another claimed to be the owner, whose claim is not denied, and who is actually made a party

solely because of it. We think these, against the pleader, are to be taken as an averment that he was merely a tenant. In Gentleman v. Soule, 32 Ill. 279, the Supreme Court say: "It would be unheard of for a tenant to exercise the right of granting a valid easement over the land of another;" and to the same effect are Harding v. Hale, 83 Ill. 501; Gridley v. Hopkins, 84 Ill. 528; Kyle v. The Town of Logan, 87 Ill. 64.

Other questions have been argued—the sufficiency of the allegations of damage, the remedy at law, and the authority of Highway Commissioners to bring such a bill, which we think unnecessary to consider; but for the reasons above given the decree will be affirmed.

*Decree affirmed.*