## Lindon W. Bates v. Charles Kaestner and Frank A. Hecht.

1. ATTACHMENTS—*Jurisdiction.*—In an attachment suit, if the defendant be not summoned on the writ, property belonging to him levied on, or a person indebted to him garnisheed, a judgment rendered is without jurisdiction and void.

2. SAME—*Presumptions as to Jurisdiction.*—Even in collateral proceedings there is no presumption in favor of the jurisdiction in attachment cases where personal service is not shown.

3. GARNISHMENT—*Answer Must Show Possession of Property in Garnishee to Sustain a Judgment.*—Persons summoned as garnishees in an attachment suit answered that they owned an undivided half of two dredges, of which, so far as they were informed, the defendant owned the other half, and that the dredges were in the Chicago river. *Held*, that the answer did not show who was in possession of the dredges, and that a judgment containing an award of special execution for their sale was void.

4. REVERSALS—*A Void Judgment May be Reversed.*—The fact that a judgment is void is not an obstacle to reversing it upon error.

**Attachment and Garnishment.**—Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed March 29, 1897.

SAMUEL M. ST. CLAIR, attorney for plaintiff in error; ULLMANN & HACKER, of counsel.

E. G. LANCASTER, attorney for defendants in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

It is necessary to consider one point only in deciding this case.

The defendants in error commenced an attachment suit against the plaintiff in error. They found no debtor to him to garnishee, and levied upon no property. He was not summoned on the writ. There was therefore no jurisdiction acquired over him or his property by the suit. West. v. Schnebly, 54 Ill. 523.

Even when coming in question collaterally, there is no presumption in favor of the jurisdiction in attachment cases without personal service. Firebaugh v. Hall, 63 Ill. 81; Drake on Att., Sec. 85.

The defendants in error endeavor to support the jurisdiction upon facts as follows: Two persons were summoned as garnishees, who answered that they owned an undivided half of two dredges, of which, so far as they were informed, the plaintiff in error owned the other undivided half, and that the two dredges were in the Chicago river.

No allusion to any possession by anybody, or to any use

being made, of the dredges is in the answer.    There is as much reason to guess that Bates was in possession of them as to guess that the garnishees were, and upon neither guess can jurisdiction stand.

The dredges were not levied upon, but the defendants in error seem to have proceeded upon the assumption that Sec. 20 of Ch. 62, Garnishment, applied, and incorporated in their judgment an award of special execution for the sale of an undivided half of the dredges.

The judgment is void, but that is not an obstacle to reversing it upon error.   Goodsell v. Boynton, 1 Scam. 555; Archer v. Ross, 2 Scam. 303.

The judgment is reversed and the cause remanded.