GEORGE W. RAGAIN

v.

GRANVILLE E. STOUT.

182   645
113a  1578

*Opinion filed October 16, 1899—Rehearing denied December 9, 1899.*

1. LICENSES—*license to cut timber carries no interest in the realty.* A license to enter upon land and clear it from timber carries no interest in the realty, and is revocable at the will of the licensor.

2. TRESPASS—*licensee continuing work after revocation of license is a trespasser.* One who lawfully enters upon the land of another in pursuance of a license to cut timber becomes a trespasser by continuing the work after revocation of the license.

3. SAME—*when verdict in trespass will not be disturbed.* A finding of the jury in an action for trespass, which places the disputed boundary line in accordance with that established by four surveys made by three different surveyors, will not be disturbed where the line contended for by the defeated party was based on two surveys made by the same person.

APPEAL from the Circuit Court of Johnson county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

Prior to June 18, 1883, appellee owned one hundred and sixty acres of land in Johnson county, being the east half of the north-east quarter of section 23 and the west half of the north-west quarter of section 24, in township 12, south, range 3, east. On the above mentioned date appellee conveyed to John S. Whiteside the west half of the north-west quarter of section 24, above named. In December, 1885, Whiteside conveyed the eighty acres to the appellant. Prior to the first conveyance above mentioned a survey of the line between sections 23 and 24 was made and a rail fence placed on the line of the survey. Subsequently to the first conveyance mentioned another survey was made, which conformed to the first survey. The survey as thus made was recognized and treated as the line between the two tracts, and about 1890 a new division fence was made between the two tracts, each owner making one-half thereof. In May, 1895, a

highway was being laid out along the south line of appellee's tract and a surveyor was employed to make a survey of this highway, and in determining the line of the highway he made a survey of the line between the two tracts above described, and by the survey made the line some ten or twelve feet west of the former surveys, making it to that extent on appellee's land. After the conveyance first above mentioned, and up to this period when the survey was made of the highway, the rail fence had been treated as being on the line by appellee and his grantee, Whiteside, as also by appellee and appellant, and when they constructed the fences, in 1890, on the same line on which the rail fence had been, each continued to occupy and was in possession of the land on their respective sides to the fence. Subsequently to the survey as made at the time the highway was laid out, appellee had two surveys made by the county surveyor, who in each case located the line substantially the same as the two surveys that had been made before the highway was surveyed and which had been acted on in building the fences. Appellant had the same surveyor who surveyed the highway again survey the line, and he again located it some ten or twelve feet on appellee, the same as by his former survey. Appellant cleared up the strip of land to the extent of ten or twelve feet in width on appellee's land, and whilst engaged in the work was by appellee ordered to desist therefrom and to cease clearing up the same, but, ignoring appellee's objection, he continued the work, when again appellee went to him and forbade his clearing up or working up the timber cut down by him. The appellant declared his purpose of constructing a fence on the line of the survey that was made on appellee's land some ten or twelve feet, when appellee brought this action before a justice of the peace and recovered judgment, which was appealed to the circuit court of Johnson county, where a trial was had. No written pleadings were had, but the action is clearly trespass by the plain-

tiff, and the defense was license and *liberum tencmentum.* On trial a verdict and judgment were entered for appellee for nominal damages, and appellant prosecutes an appeal to this court.

THOMAS H. SHERIDAN, for appellant.

WHITNEL & GILLESPIE, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It cannot be doubted that the appellee was in the quiet and peaceable possession of the land on the west side of the fence as it had stood prior to the institution of the suit, and that that possession was invaded by appellant. This, of itself, standing alone, would make a *prima facie* case against the appellant. As a matter of defense the appellant insists that he entered by the license and permission of appellee. Such a defense admits possession in plaintiff and that defendant did the act complained of, and simply puts in issue whether the act was done with plaintiff's consent. Such a license as claimed by appellant carries no interest in the realty, and is revocable at the will of the person who grants the license. (*Woodward* v. *Seely*, 11 Ill. 157; *Kimball* v. *Custer*, 73 id. 389; *Simpson* v. *Wright*, 21 Ill. App. 67; *Stoddard* v. *Filgar*, 21 id. 560.) Without entering into a discusssion of the question as to whether the appellant originally entered by the license of appellee, the uncontradicted evidence shows that, even if a license was ever granted, it was revoked by the appellee and appellant forbidden to further prosecute the work or to further trespass on him, but that, regardless of the act of the appellee, the appellant continued to clear up the land and refused to desist from so doing, and declared a purpose of clearing up the land and to remove his fence to what he claimed was the line. Even if appellant lawfully entered on the

land at the commencement of the work, his continuing to work after the license was revoked would constitute him a trespasser, so that under the claim of license no defense could exist in favor of appellant.

There is no question but that the title was in the respective parties to the tracts of land respectively claimed by them, and such title is shown by the record. The controversy in reality is over the question as to what constitutes the true line of the survey. Four surveys were made by three different surveyors, who placed the line at the point where the fences were constructed. One of these surveys was made prior to 1883, another was made when appellant's grantor was the owner of one tract, and two others were made after 1895. Two surveys were made by the same surveyor, who placed the line at the point where it is contended by appellant that it should be established. There is conflict in the testimony on this question of fact, but from an examination of the record it is clear that the weight of evidence is with the finding of the jury, and clearly authorizes the verdict and judgment as entered. There is nothing in the record that would authorize us to disturb the verdict on this question.

Complaint is made as to the giving and refusing of instructions. A great many instructions were given on each side as to the different phases of the case, and without entering into an extended discussion of these instructions, which would extend this opinion to an unreasonable length, it is sufficient to say that the instructions, as a series, correctly stated the law and were not misleading.

The judgment of the circuit court of Johnson county is affirmed.

*Judgment affirmed.*