## A. C. Terry et al. v. Chicago Packing & Provision Company et al.

1. CORPORATIONS—*Legality Can Not be Attacked Collaterally.*— The legality of a *de facto* corporation can not be inquired into collaterally.

**Bill for Dissolution of a Corporation.**—Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard

in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 13, 1903.

HOLMES, LYNN & SHIRRA, attorneys for plaintiffs in error.

MORAN, MAYER & MEYER, attorneys for defendants in error; LEVY MAYER, of counsel.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

In this case an amended and substituted bill of complaint was filed against the Chicago Packing and Provision Company, a corporation created under the laws of Illinois; the American Trust and Savings Bank, a corporation of Illinois; E. H. Pearson, D. S. Googins, Gilbert C. Pryor, William J. Dee, Granger Farwell and Francis Beidler, director of the Chicago Packing and Provision Company; and William J. Dee, Henry Botsford, Charles L. Hutchinson, William L. Greggson, Gilbert C. Prior, Granger Farwell, J. H. Pearson and E. H. Pearson, and C. H. Deere; and "the so-called Chicago Packing and Provision Company, Ltd."

To this a general demurrer interposed by the defendants was sustained. The bill, among other things, sets up proceedings had in what it terms an attempt to organize in England the "so-called" Chicago Packing and Provision Company, Limited, under an act of Parliament known as "Companies' Act," which proceedings are declared in the bill to have been pretenses by certain persons termed promoters.

It is said these promoters having attempted to incorporate the "Chicago Packing and Provision Company, Limited," pretended to elect a board of directors of said company, and said pretended directors entered into a contract for the transfer to said corporation, so organized, of property of various descriptions and great value and issued stock of such company, both preferred and common, to a large amount, and caused such stock to be listed upon the Chicago Stock Exchange and proceeded to carry on extensive business in Chicago and other places. The bill further

charges that the pretended English corporation never complied with the laws of Illinois.

The bill also sets forth that the entire scheme of the organization of said " pretended " English corporation and the management of its business subsequent to the 9th day of July, 1890, was in fraud of the laws of Illinois, and in fraud of the right of complainant and others, and in fraud of the laws of Great Britain; that such corporation is not entitled to be recognized as a corporation; that it has never exercised corporate functions, except as the representatives of the promoters, who, professing to act as directors, have held annual meetings, and pretended to elect officers.

The prayer of the bill, among other things, is that the attempted corporation of the Chicago Packing and Provision Company, Limited, be declared fraudulent and void, and it be treated as a dummy; that the property of the Chicago Packing and Provision Company of Illinois be declared the joint property of all holders of stock certificates without any preference or priority.   From other portions of the bill it is manifest that the holders of stock certificates mentioned are the holders of stock certificates of the Chicago Packing and Provision Company, Limited.

There is also a prayer that Granger Farwell be restrained from disposing of the assets of the Chicago Packing and Provision Company and be required to turn the same over to a receiver to be appointed.   The bill charges that the assets and property of the Chicago Packing and Provision Company, of great value, were acquired and transferred to the so-called Chicago Packing and Provision Company, Limited.

Very voluminous briefs have been filed in the case, some of which ask the court to take a position in this matter, the suggestion of which is startling; the court being asked to, like a " hardy pioneer," " blaze its way " through the wilderness of fraud and chicanery charged in the bill, without reliance upon precedents or practice that can be found in any adjudicated case.   The reply brief of complainant in error contains the statement that if this court

shall be of the opinion that this bill is a collateral attack by stockholders upon a *de facto* corporation, counsel for complainants is prepared to admit and does admit that the action will not lie and that the demurrer to the bill was properly sustained.

We are of the opinion that this is a collateral attack upon a *de facto* corporation and that consequently the action will not lie and that the demurrer to the bill was properly sustained. A complainant can not escape the effect of the complaint, statements and prayer of his bill by calling a corporation whose property he seeks to have taken away from it, and its stockholders treated, not as such, but as partners—by calling the defendant a *pretended* corporation, or that done toward incorporating, a *pretended* attempt to incorporate, or designating the action had in the name of the corporation a *pretended* action as a corporate body. Story's Equity Pleadings, Sec. 28, 29, 251, 252, 255, 256, 257; West v. Schnebly, 54 Ill. 523.

If the complainant does not desire and does not intend, by his bill, to make a collateral attack upon the existence of the Chicago Packing and Provision Company, Limited, as a corporate body, it is easy for him to recognize its corporate existence. If, on the other hand, he wishes to sue as individuals a number of persons who have been acting in the name of and as a corporate body, it is not difficult to directly charge them with having acted as partners, and being responsible as such, for all they have done. The charge that no such corporation as the Chicago Packing and Provision Company, Limited, has ever existed, or ever acquired or had possession of any of the property and assets which the complainants seek to have placed in the hands of a receiver and distributed to various persons, may be easily made. The decree of the Circuit Court is affirmed.