## Ferdinand Grannemann, Plaintiff in Error, v. Louis Meyer et al., Defendants in Error.

1. EVIDENCE—*when of revocation incompetent.* A letter containing an alleged revocation of a license is not competent unless relied upon in the pleadings.

2. APPEALS AND ERRORS—*when admission of erroneous evidence waived by instructions.* If a letter be improperly admitted because not relied upon in the pleadings such error is waived by the asking of an instruction which treated the pleadings as sufficient to raise the issue.

3. STATUTE OF FRAUDS—*when license within.* *Held,* that a parol license authorizing the erection of a telephone pole was within the Statute of Frauds and was revocable at the will of the licensor.

4. INSTRUCTIONS—*submitting questions of law.* An instruction which leaves to the jury the determination as to what are material allegations is erroneous.

5. INSTRUCTIONS—*ignoring issues.* An instruction directing a verdict must not ignore a material element in evidence but must contain all the elements authorizing the verdict.

Trespass. Error to the Circuit Court of Randolph county; the HON. L. BERNREUTER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

SPRIGG & GILSTER, for plaintiff in error.

A. E. CRISLER and A. G. GORDON, for defendant in error.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This was an action of trespass to real property brought by plaintiff in error, Grannemann, hereinafter called the plaintiff, against the defendants· in error, hereinafter called the defendants. The verdict and · judgment were in favor of defendants.

The declaration charged the defendants with wrongfully breaking and entering the lands of plaintiff and with digging holes therein, erecting telephone poles and stringing wires thereon without the permission of plaintiff. There was a plea of the general issue and a special plea that defendants entered the premises by the leave and license of plaintiff.

It appeared plaintiff was the owner of the fee of a tract of land over which there was located a highway. Defendants dug holes along the north side of the highway and placed poles therein upon which they strung wires to use as an extension of a telephone system owned by them. There is some conflict in the evidence whether the holes were dug and poles set by the permission of the plaintiff.

About four months after the telephone line was erected and before this suit· was brought, plaintiff's attorneys sent a letter to one of the defendants in which he was advised the defendants had erected and were maintaining two sets of telephone lines in the road without plaintiff's consent or authority, and he proposed that if they would remove the line on the

north side of the road he would let the other one stand, if not he, plaintiff, proposed to take action under the law to have his rights adjusted. This letter was brought before a meeting of the owners of the line but no action was ever taken by them. This letter was offered to show a revocation by plaintiff of the parol license set up in the special plea. Defendants objected on the ground it was not admissible under the pleadings. The court overruled the objections and admitted the letter in evidence. The ruling was wrong. No replication setting up a revocation was filed to the special plea and the court should have sustained the objection. The defendants, however, having asked an instruction upon a revocation and thus treated the issue as properly formed, cannot now complain that the question was not in issue and that the letter was not properly admitted in evidence. Kinney v. Bauer, 6 Ill. App. 267.

Assuming defendants had a parol license to place the line in the road the letter was in our judgment sufficient evidence of an express revocation of the license by notice. If there was a license it was by parol and was indefinite and uncertain.

Such license is within the Statute of Frauds, cannot be granted by parol, and is void and revocable at the will of the licensor. Ragain v. Stout, 182 Ill. 645; Streator Independent T. Co. v. Interstate T. Co., 142 Ill. App. 183. Even if the defendants' entry was at first lawful, remaining in possession after revocation makes them trespassers. Ragain v. Stout, *supra;* Erstwhile v. Henke, 211 Ill. 273.

The first instruction given for defendants was erroneous. It told the jury the plaintiff must prove the material allegations of his declaration, without advising the jury in any instruction what the material allegations were, submitting to them a question of law. Such instruction without such advice has been often

condemned. The third, fourth and fifth instructions were all erroneous. They direct a verdict ignoring the material question of the revocation of the license.

An instruction directing a verdict must not ignore a material element in evidence but must contain all the elements authorizing the verdict. Partridge v. Cutler, 168 Ill. 504. That there were other instructions on the question of a revocation does not cure the error in these instructions. Ill. Linen Co. v. Hough, 91 Ill. 63.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*