## GUY S. WILSON

### v.

## HUNTER GARRARD.

1. PARENT AND CHILD—*whether former liable for torts of the latter.* A father is not liable for the torts of his children, committed without his knowledge or consent, and not in the course of his employ.

2. INFANTS *are liable for torts* and wrongs committed by them, the same as adults.

3. RIGHT OF WAY *over the land of another.* In an action for the trespasses of the defendant's children in passing over the land of the plaintiff, in going to and returning from school, it appeared the school house was built by and for the public, on a small lot forming a part of the tract owned by the plaintiff. The children could not conveniently, and without traveling a very considerable distance, approach the school house without passing over the plaintiff's land: *Held,* until a highway to the school house was provided, the children, they residing in the district, had the right, necessarily, to travel over the land of the plaintiff in going to and returning home from school.

4. LICENSE *to pass over the land of another.* And if there were a highway, it appearing, from the evidence, that the defendant's children were permitted by the plaintiff to pass over his land for four or five years, without objection, the jury had the right to infer therefrom a license, which could not be revoked without notice.

APPEAL from the Circuit Court of Crawford county; the Hon. HIRAM B. DECIUS, Judge, presiding.

Mr. J. C. ALLEN, for the appellant.

Mr. E. CALLAHAN, for the appellee.

Per CURIAM: This suit was commenced before a justice of the peace, for the trespasses of the children of appellee, in passing over the land of appellant, in going to and returning from school, and for worrying and maltreating the hogs of appellant.

A father is not liable for the torts of his children, committed without his knowledge or consent, and not in the course of his employ.

In this case, the acts of the children towards the hogs were wholly wilful, and not by the direction or with the assent of

the father. Infants are liable for torts and wrongs committed by them, the same as adults. It would be unjust to hold the father responsible for the purely mischievous and wilful conduct of the children, as shown by this record.

In regard to the trespass upon the land, there is evidence tending to show license and permission by appellant, to pass over his land. The children had traveled over it for four or five years before the institution of this suit, with the knowledge of the owner.

The school house was erected on a small lot, forming a part of the tract owned by appellant. The children of appellee could not, conveniently, and without traveling a very considerable distance, approach the school house without passing over the land of appellant. The house was built by and for the public, and the children of the district ought to have the right of ingress and egress to and from it. The jury might fairly imply a license. Such license might be revoked, if there was a public highway to the school house. If there was none, the children had the right, necessarily, to go to and return home from the school house, and to travel over the land of appellant, until a highway was provided.

The children did not go upon the land after notice to appellee, for the suit was commenced on the same day on which the notice was given.

The instruction complained of was correct. It informed the jury that, if the children of appellee were permitted by the appellant to go over the land, without objection, the jury might infer therefrom a license, which could only be revoked by notice. This is the law, and there was sufficient evidence upon which to base it. The evidence clearly shows that these children were permitted—suffered—to pass over the land for years, without any objection. The fact was known to appellant. The reasonable implication is, a license to the children to enter upon the land. Appellant can not be allowed to repudiate the necessary result of his own conduct.

The judgment is affirmed.          *Judgment affirmed.*