GEORGE KIEHNA *et al.*

*v.*

B. H. MANSKER *et al.*

*Opinion filed February 17, 1899.*

| 178 | 15 |
| p90a | 672 |
| 178 | 15 |
| d194 | 2250 |

1. SCHOOLS—*provision of School law concerning change of school site construed.* Clause 11 of section 27 of article 5 of the School law, (Laws of 1889, p. 299,) concerning change of school site, merely empowers the school directors, when in their opinion changed conditions have rendered the old site unsuitable, to call an election submitting the question of a change of site to the electors.

2. SAME—*fact that new site is not on public highway is not ground for calling new election.* School directors cannot annul an election changing a school site, repudiate the site chosen and call an election to vote on the question of building a new school house on the old site, discarded at the first election, merely because the new site is some distance from a public highway.

*Kiehna* v. *Mansker,* 77 Ill. App. 508, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Perry county; the Hon. WILLIAM HARTZELL, Judge, presiding.

JOHN BOYD, and C. R. HAWKINS, for appellants.

W. T. VAUGHN, and CHARLES D. KANE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees are school directors of district No. 4, in township 6, range 3, in Perry county. The school house was built about thirty years ago, upon a site half a mile east of the center of the district, and having become dilapidated and unfit for the purpose of a school, the board of directors, on January 25, 1897, called an election and gave notice of the same to be held February 6, 1897, for the purpose of voting on the following questions: For or against building a new school house; for or against purchasing a site for the new school house at the Derrington

well; for or against building on the site at the center of
the district; for or against issuing bonds to the amount
of $650, to be used in said building and site, if needed,
etc. The election was held, and resulted in a majority
of votes for building on the site at the center of the dis-
trict and for issuing the bonds, and a record was made of
such results. A conveyance was made to the township
trustees, for the use of the district, of the premises se-
lected, consisting of one acre in the north-west corner
of the south-west quarter of section 26, in said township.
Advertisements to contractors for building a new school
house were published and bids received, and the contract
was let to S. H. Carson for $535. Bonds to the amount of
$600 were issued to Murphy, Wall & Co. A suit was in-
stituted against the directors to declare the election void
and to enjoin them from building at the center of the dis-
trict, but nothing was done under the bill and they were
not restrained in any way. At a meeting of the board
July 8, 1897, a petition of certain voters and residents of
the district was presented, asking the board to rescind
and annul the action locating the site chosen by the elect-
ors, to cancel the contract for building the school house,
to rescind the order for issuing bonds, and to submit to
the voters the proposition to vote for or against building
a new school house where the old school house stood, and
for or against issuing bonds, not to exceed $600, to pay
for the same. The petition stated that there was no pub-
lic highway at the site chosen at the election. At a spe-
cial meeting of the board held July 12, 1897, an order was
entered rescinding the contract with Carson and revok-
ing the order by which the bonds had been sold, and an
election was ordered on the propositions so petitioned
for. That election was not held, for the reason that ap-
pellants, who are residents and tax-payers of the district,
filed the original bill in this case and obtained a tem-
porary injunction against the election. The temporary
injunction so obtained was dissolved upon motion in va-

cation, September 11, 1897, whereupon the board again proceeded to call an election, and on October 4, 1897, ordered such election to be held on the following proposition: "To build a new school house on the old site and to issue bonds to the amount of $600." This election was held, and a part of the electors, twenty-six in number, attended and voted in favor of the proposition, and there were no votes against it. Appellants then filed their supplemental bill, stating the proceedings at said meeting of October 4, 1897, and the holding of the election, and praying for an injunction against the carrying out of such proposition. A temporary injunction was granted, and the cause was heard upon the bill, answer and proofs establishing the foregoing facts, when the injunction was dissolved and the bill dismissed. The Appellate Court has affirmed the decree.

The single fact from which it is claimed that appellees had a right to ignore and annul the action of the electors in choosing a site for the school house is, that there was no public highway to the site so chosen. It appears from the evidence that the site was one-eighth of a mile from the public highway and that it was conveyed by Theodore Walkinghorst, but it does not appear with any certainty whether the district acquired a way by necessity, on account of its being surrounded by land of the grantor, or whether a license for ingress or egress would be implied. Walkinghorst testified that he gave the directors the right to go in and build the school house, and one of the school directors testified that Walkinghorst gave the board permission to have a route to the site, while another witness speaks of land of Mr. Baker lying between the school house and the road. In *Wilson* v. *Garrard*, 59 Ill. 51, the school house was erected on a small lot forming a part of a tract owned by Wilson, and it was held that until a highway was provided children had the right necessarily to go to and return home from the school house over his land. Under the decision in that case, if

178—2

Walkinghorst granted the land for a public use necessarily requiring that the children of the district should go and come to and from school, a license to pass over his land might fairly be implied. But however that may be, the site had been selected by a vote of the people and became the site of the district. (School Law, sec. 31, art. 5; Hurd's Stat. 1897.) In such a case the directors have no power to select a site or to annul the action of the voters. The right to do so in this case is claimed by virtue of the eleventh clause of section 27 of said article 5, which is as follows: "They shall have power to decide when the school house site or school buildings have become unnecessary or unsuitable or inconvenient for a school." That clause confers a power to be exercised when changed conditions have rendered a site once chosen by the voters unsuitable or inconvenient in the opinion of the board, and the power given in such case is to take the initiative for the choice of another site by calling an election and submitting the question to the voters. A change in the center of population, or other conditions, may occur, and the language of the statute implies some such change of condition which will authorize action by the board, and not a simple refusal to carry out the will of the voters. In this case, nothing had happened after the choice of the site by the voters to render it unsuitable or inconvenient, and the voters acted in view of the same conditions and with the same facts before them as the board when it attempted to annul their action. It does not even appear that there was not a right of way from the public highway, either by necessity or from an implied license, and if there was not, it had not been determined that such a way could not be reasonably secured or a public highway laid out. The right, as claimed, is simply to repudiate any site selected by the voters if it does not meet the views or wishes of the board, and to call an election to build on an original site discarded and defeated at the election. We do not understand the stat-

ute as conferring such power.    The question of the site had been settled at the election held in February, 1897, and until it should become unsuitable or inconvenient, or it had been found that the only objection made to it by the directors was not and could not be reasonably removed, there was no right to call an election to build a school house on the old site.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court.                     *Reversed and remanded.*