## Eva Malmberg, by her Next Friend, v. William Bartos.

1. Trespass—*Liability of Parent.*—A father can not be held responsible for the unauthorized trespasses of his minor children.

Action in Case, for injuries inflicted by a minor child. Trial in the Circuit Court of Cook County; the Hon. Charles E. Fuller, Judge, presiding. Verdict and judgment for defendant by direction of the court; error by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

BLAISDELL & McCASKILL, attorneys for plaintiff in error.

If any one using dangerous instruments, running machinery, or employing vehicles, which are peculiarly hazardous, and knows that infants, or others who have imperfect discretion are in close or immediate proximity, he will be compelled to the exercise of a degree of caution, skill or diligence, which would not be required in cases of other persons. Gillespie v. McGowan, 100 Pa. St. 144; Porter v. Anheuser-Busch B.'A., 24 Mo. App. 1; Jonasch v. Standard Gas Light Co., 56 N. Y. Super. Ct. 447; Brown v. Hannibal & St. J. R. Co., 27 Mo. App. 394; Little Rock & C. Ry. Co. v. Dick, 52 Ark. 402.

Owners of grounds are held liable for injuries resulting to children, although trespassing at the time, where from the peculiar nature and exposed condition of the dangerous defect or agent, the owner should reasonably anticipate such injury to flow therefrom. In such cases, it is held that the question of negligence is for the jury. Virge v. Gardiner, 19 Conn. 507; Railroad Company v. Stout, 17 Wall. (U. S.) 657; Union Stock Yards and Transit Co. v. Rourke, 10 Ill. App. 474; Keffe v. Milwaukee & St. P. Ry. Co., 21 Minn. 207; Mullaney v. Spence, 15 Abb. 'Pr. (N. S.) 319; Hydraulic Works Co. v. Orr, 83 Pa. St. 332; Whirley v. Whitman, 1 Head, 610.

Where a party has in his custody or control dangerous implements or means of injury, and negligently uses them or places them in a situation unsafe to others, and another person, although at the time even in the commission of a trespass, or otherwise somewhat in the wrong, sustains an injury, he may be entitled to redress. Kerwhacker v. C., C. & C. R. R. Co., 3 Ohio St. 172; Ft. Worth & Denver City R. R. Co. v. Robertson, 14 L. R. A. 781.

No person has a right to leave, even on his own land, dangerous machinery calculated to attract and entice boys to it, there to be injured, unless he first takes proper steps to guard against all danger, and any person who leaves dangerous machinery exposed without first providing against all danger, is guilty of negligence. Kansas Cent.

R. Co. v. Fitzsimmons, 22 Kan. 686; Evansich v. Gulf C. & S. F. R. R. Co., 57 Tex. 123; Ferguson v. Columbus & R. R. Co., 77 Ga. 102; Atchison & N. R. Co. v. Bailey, 11 Neb. 333; Barrett v. Southern Pacific Co., 91 Cal. 296.

One who places a dangerous thing in a position where it is likely to cause injury to others is liable to a child who is injured, although he may be a trespasser. Binford v. Johnston, 82 Ind. 430; Lane v. Atlantic Works, 107 Mass. 106; Penn. R. R. Co. v. Lewis, 79 Pa. St. 44; Beauchamp v. Saginaw Mining Co., 50 Mich. 167; Davis v. C. & N. W. Ry. Co., 58 Wis. 656; Godeau v. Blood, 52 Vt. 251.

The conduct of an infant of tender years is not to be judged by the same rule which governs that of an adult. The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case by the circumstances of that case. Weick v. Lander, 75 Ill. 93; Chicago v. Major, 18 Ill. 360; Kerr v. Forgue, 54 Ill. 484; Chicago v. Keefe, 114 Ill. 229.

The question, what is a dangerous thing, must be one for the jury. Whittaker's Smith on Negligence, 168.

E. C. Westwood, attorney for defendant in error.

"A father is not nor can he be held responsible for the trespasses of his minor children. In that respect the child occupies the same relation to the father as does the servant. He is liable for the acts of either, when performed under his direction, or in the course of their general employment, but not for their trespasses committed independent of their employment and not under direction." Paulin v. Howser, 63 Ill. 313; Wilson v. Garrard, 59 Ill. 51.

It is no answer to say that the defendant was negligent in leaving the axe where his son could get hold of it. In the case of Haggerty v. Powers, 66 Cal. 368, a much stronger case is presented than the one at bar.

The court there held:

"A father who willfully, carelessly, and negligently suffered his son of eleven years of age to have in his possession a loaded pistol, can not be made to respond in damages to one injured thereby, the accident having occurred through the willful act of the son, who alone is responsible for it."

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action of trespass on the case. Plaintiff in error, a child about seven years old, was injured by the son of the defendant in error, a boy of about four years, and it is sought to hold the father responsible in damages.

At the conclusion of the testimony in behalf of the plaintiff, the trial court instructed the jury to find the defendant not guilty, which was done. A motion for a new trial was overruled and judgment rendered, which plaintiff now seeks to reverse.

The defendant in error was the proprietor of a grocery store, and upon the day of the injury was unloading some ice upon the sidewalk in front of his place of business. To break up the ice he used a sharp axe or ice pick, which he left lying on the walk while he carried the ice into the store. The plaintiff, with another girl somewhat older, the defendant's son and another boy, said to have been five or six years old, were playing or standing near. Plaintiff attempted to pick up a piece of ice, and was ordered off by the defendant's four-year-old son, who told her to go away or he would " fix her." Upon her refusal the elder of the two boys seized and held her finger, while the defendant's son picked up the axe and chopped the finger off.

Counsel for plaintiff in error thus state their contention :

" The main question to be considered by the court is whether or not the defendant was guilty of negligence in leaving the axe lying upon the sidewalk in front of his store while these children were playing in close proximity thereto, or in other words, is an axe of itself a dangerous implement in the hands of children of immature years and judgment."

It is scarcely necessary to say that while an axe may be a dangerous instrument in the hands of a child, it does not necessarily follow that the defendant was guilty of negligence, or if he was, that his negligence was the proximate cause of the injury.

In this case the injury does not appear to have been caused by the mere act of leaving the axe lying on the

sidewalk.  It was not occasioned by the plaintiff's running or hitting against the axe, nor was the axe being used as a plaything.  As it lay upon the sidewalk, so far as the evidence shows, the axe was perfectly harmless.  Its presence there did not in itself serve to create any danger to the children or to passers-by.  The mere act of leaving it temporarily upon the walk was not negligence in and of itself.

But it is said to have been negligent for defendant in error to leave the axe within easy reach and possession of his four-year-old boy, and that this negligence was the cause of the injury.  This conclusion is not sustained by the evidence.  The cause of the injury was not that the axe was in reach of the boy, but it was his willful intention to injure the plaintiff for trying to pick up a piece of the ice.  The axe was the *means* by which the injury was inflicted, but not the *cause* of its infliction.

It does not appear that the defendant in error had any reason to suppose the axe would be so used, or that his small son would be guilty of conduct so cruel and malicious.  " A father is not, nor can he be, held responsible for the unauthorized trespasses of his minor children."  Paulin v. Howser, 63 Ill. 313.  As is said in Wilson v. Garrard, 59 Ill. 51, " It would be unjust to hold the father responsible for the purely mischievous and willful conduct of the chil dren, as shown by this record."

The proof fails to sustain the averments of the declaration, and a verdict in favor of the plaintiff, if returned, could not have been sustained.

Under these conditions the Circuit Court properly directed a verdict for the defendant.  Simmons v. Chicago & Tomah Ry. Co., 110 Ill. 344–346.

The judgment is affirmed.