### School Directors, etc., v. The People, etc., ex rel., etc. Same v. George Kiehna, Adam Rosenberg, John M. Darrough et al.

1. SCHOOLS—*Directors Can Not Annul an Election Changing a School Site.*—School directors can not annul an election changing a school site, repudiate the site chosen, and call an election to vote on the question of building a new school house on an old site, discarded at a previous election, merely because the new site is not located upon a public highway.

**Mandamus and Injunction.**—Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN D. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

C. D. KANE and B. W. POPE, attorneys for appellants.

JOHN BOYD, attorney for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

There are two cases in this record. They involve the same issues of fact, were submitted to the trial court on the same evidence, and in their controlling features are governed by the same legal rules and principles. We will consider them together, and finding appellants' statement of the cases reasonably fair and sufficiently full for our purposes, we adopt it:

" One is a petition for writ of mandamus, filed upon the relation of George Kiehna et al., asking for a writ commanding the school directors of district No. 4, township 6 south, range 3 west, in Perry county, Illinois, to proceed to build a school house in said district, in pursuance of a vote held in the district on the 6th day of February, 1897; and further in pursuance of a contract to build said house, entered into between the district and one S. H. Carson.

" The other is a bill in chancery filed by the said George Kiehna et al., against the school directors of district No. 4, praying for an injunction against the defendants restraining them from holding a certain election on April 24, 1897, from holding an election at any other time on the question of building a school house in said district, and from issuing any bonds of said district, and that they desist from letting and contracting to build a school house on the site where the old school house stood, or any other school house in said district, and from buying any material for any such building to be erected on any site except the site known as the ' Walkinhorst ' site, as selected by the voters at the election of said February 6, 1897.

" Both the petition for mandamus and the bill for injunction are founded upon substantially the same facts, and the leading facts are set forth in both; the petition for mandamus and the bill for injunction are as follows :

"That on February 6, 1897, in said district, an election was held, and that at said election a majority of the voters voted to select the center of the district as the site on which to build a new school house for the district, and to issue bonds therefor to an amount not to exceed $650; that on May 6, 1896, Theodore Walkinhorst and wife had conveyed to the trustees of schools for said township, for the use of said district, one square acre out of the northwest corner of the southwest quarter of the southwest quarter of section 26, township 6 south, range 3, west, in said county, as a school site; that in pursuance of the vote of said election, the board of directors gave notice to contractors that bids would be received on April 5, 1897, for building a new house on this site; that bids were received and the contract was awarded to one S. H. Carson; that Carson gave bond and has always been ready to carry out his contract; that a school house is necessary; that the old house is dilapidated and is incommodious to a large number of scholars in said district; that the district has no legal title to the ground on which the old building stands; that there is no reason why a building should not be placed on the new or ' Walkin-

horst' site, as it is called in the record; that demand was
made on the directors to proceed at once and build said
house on said 'Walkinhorst' site; that they refused; and
that thereby the relators and petitioners are deprived of
proper accommodations in the way of school for their
children.

" The defendants in both petition for mandamus and bill
for injunction, set up in answer, that the election of Febru-
ary 6, 1897, was illegal and void; that the notice of this
election was illegal; that the proposition to issue bonds in
a sum not to exceed $650, was not legally voted upon; that
no legal notice to receive bids for the building of the house
was given; that no legal contract to build the house was
awarded to Carson; denies that there is any necessity for a
new house in the 'Walkinhorst' site; denies that the old
site is incommodious to a large number of the scholars of
the district; alleges the district has good title to the lot on
which the old house stands; that for more than thirty years
the school house has been there, and that the district has
had exclusive possession and control of the site all this time;
that this site is convenient and suitable for school purposes;
alleges that there is no road by which the scholars can
reach the 'Walkinhorst' site; that the owners of the land
around it have refused to give a right of way to this site;
that on March 28, 1898, a petition was presented to the
directors, signed by a majority of the legal voters of the
district, asking to be permitted to vote upon the proposi-
tion for or against selecting a new site for a school house;
that the directors, at a regular meeting, determined that
the 'Walkinhorst' site was and had then become incon-
venient, unsuitable and unnecessary for school purposes;
that an election for voting upon a new site was legally called
and held; that the result was the selection of the site known
as the 'old site;' and alleges that this site is convenient
and suitable for school purposes."

Upon a final hearing of these cases, the trial court awarded
a writ of mandamus as prayed in the petition for man-
damus, and entered a decree enjoining appellants according
to the prayer of the bill for injunction.

The injunction branch of this record was before the
Supreme Court in Kiehna v. Manscker et al., School Direc-
tors District No. 4, T. 6 S., R. 3 W., Perry County, Illinois,
and is reported in 178 Ill. 15.

The decision in that case is conclusive of the controlling

questions in both these cases. It is wholly immaterial whether we accept this decision of the Supreme Court as an adjudication of the issues involved in these cases, or accept it as the law applicable to the controlling questions involved. When all the evidence is considered together and properly weighed, the additional evidence taken since the case was before the Supreme Court does not so change the facts, or the issues of fact, as to call for the application of other law to the case than that applied by the Supreme Court when the case was under consideration by that court.

The judgment and decree of the Circuit Court are affirmed.