# E. A. Chalstran, Appellee, v. Board of Education of Township High School, etc., Appellant.

## Gen. No. 5,157.

CONTRACTS—*when party entitled to abandon and recover profits.* If a party has entered into a contract with a board of education to erect a school building, he is entitled to abandon such contract and recover the profits that would have accrued to him from its fulfillment, in the event of the voters of the particular territory in question lawfully determining subsequently to the making of such contract that they will not erect such a school building.

Assumpsit. Appeal from the Circuit Court of Knox county; the

Hon. Robert J. Grier, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

Carney, Carney & Frank, for appellant.

R. D. Robinson, for appellee; Armor Moreland, of counsel.

Mr. Justice Willis delivered the opinion of the court.

On March 2, 1906, appellee entered into a written contract with appellant to build a high school building. At the time he knew that a petition, asking that an election be held on April 2, 1906, for the purpose of voting for or against discontinuing the township high school, had been signed and filed with the township treasurer. The election was held resulting in a vote to discontinue the school. Appellee then had nearly all the materials on the ground, and done some excavating and built a part of the basement wall, but on the day following the election he abandoned work on the building, took away such material as could be removed, and afterwards commenced this suit against the Board of Education to recover damages for loss sustained. The declaration consisted of a single count that set out the contract and averred that appellee commenced work thereunder; that he was ready, willing and able to complete the building according to the contract, but was prevented by a vote of the people discontinuing the high school district, and alleged loss of profits which would have accrued to him from the completion of the work, loss in value of material furnished and for work. On the trial, he was restricted in his proofs to the loss of profit and obtained a verdict for $500. A motion for a new trial was denied, judgment was entered on the verdict, and the Board of Education appealed.

The bill of exceptions omits the evidence, instructions and rulings of the court, but in place thereof embodies a stipulation of the parties wherein it was

agreed, that, had appellee completed the building according to the contract, he would have made a profit of $500 and that, if, under the law as applied to the facts as stipulated, appellee, by reason of the election, had the legal right to abandon the contract, he was entitled to recover $500 and the judgment should be affirmed. Otherwise, it should be reversed and judgment entered here for appellant.

The only question for our determination is, whether or not the vote of a majority of the people to discontinue the township high school gave appellee, on the day after the election, the right to abandon the contract and recover in this suit the stipulated amount of profits he would have earned had he completed the building under the contract.

Appellant contends that while the election was legally held and the petition and notice for the vote were timely and in proper form as required by law, yet that, under the law reasonably construed the vote on April 2, 1906, on the proposition to discontinue the township high school, which a majority of the votes cast in April, 1905, had been found in favor of establishing, was unauthorized by law and without force or effect in law, as the township high school was not yet fully organized and there had been no change in the conditions in the school district to warrant a resubmission of the question to a vote, and relies in support of its contention on Kiehna v. Mansker, 178 Ill. 15. That case construes clause 11 of section 27 of article 5 chapter 122 Hurd's Revised Statutes 1908 which empowers school directors, when, in their opinion from changed conditions, an old site has become unsuitable, to call an election and submit the question of a change of site to the electors. This involves a different subject-matter and a different section of the statute from the case at bar, and we think has no application to the facts in this record, nor do we think that the statute will bear the construction that appellant seeks to put upon it.

We do not see that the fact that appellee knew that an election had been called to discontinue the high school, interferes in any way with the validity of his contract to erect the building. He could not know and did not know that the election would result in discontinuing the high school, and had it not, he could have continued the work and earned his profit. Both the Board and appellee had a right to enter into the contract to build the school house at the time it was made, and whether the Board of Education should have, in some way, protected the rights of the district against the possible discontinuance of the district, did not concern appellee. Section 43 of article 3 of chapter 122, *supra*, authorized this election as held. The proposition to discontinue did, in fact, carry, and the legal effect was to dissolve the high school district. Under the facts appearing in this record, we hold that the contract was lawfully made, and that it was lawfully abrogated by the voters of the district, and that appellee was entitled to the profits he would have made by completing the building under the contract, which, it is stipulated, would have been $500.

The judgment is therefore affirmed.

*Affirmed.*