THE TRUSTEES OF SCHOOLS, Appellees, *vs.* LUCIUS R. HARSHMAN *et al.* Appellants.

*Opinion filed February 21, 1914.*

1. SCHOOLS—*what does not bar second election to select school house site.* The fact that there is a majority of votes against the proposition to select a certain site for a school house does not bar a second election to select a site, including the one rejected at the first election, where there was no vote at the first election selecting any site. (*Kiehna* v. *Mansker,* 178 Ill. 15, distinguished.)

2. EMINENT DOMAIN—*rule as to damages in condemning a site for a school house.* In a proceeding to condemn an acre of ground in the corner of a tract of land for a school house site it is proper

to instruct the jury not to include damages to adjoining land in fixing the compensation for the land taken, and that in determining the damages to the lands not taken they should consider the effect upon the market value of such lands.

3. SAME—*court may direct payment of part of compensation to the mortgagee.* Where the farm containing the acre of land condemned for a school house site is mortgaged for a trifle over $60 per acre, it is proper for the court to order payment, out of the compensation awarded, of $60 to the mortgagee to cover the mortgage interest taken by the judgment.

4. SAME—*defendant's deed is the best evidence of title to lands the title to which is not admitted by the petition.* Where the petition to condemn an acre of farm land for a school house site admits the title to the acre described in the petition it is for the defendant to prove his title to any other lands, and upon this question his deed is the best evidence, and he is not entitled to prove such title by cross-examination of the petitioner's witnesses.

APPEAL from the County Court of Moultrie county; the Hon. ISAAC HUDSON, Judge, presiding.

E. J. MILLER, and M. A. MATTOX, for appellants.

F. M. HARBAUGH, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellees, trustees of schools of town 13, range 5, in Moultrie county, filed their petition in the county court of said county to ascertain the compensation to be paid for one acre of land in the south-east corner of a forty-acre tract owned by the appellants, Lucius R. Harshman and Clement E. Harshman, which had been selected as a school house site. The defendants filed their motion to strike the petition from the files and dismiss the proceeding. The grounds of the motion were set out in a very lengthy document, which alleged numerous reasons why the petitioners were not entitled to take the property. The court heard and considered the evidence and the stipulation of the parties concerning the facts and overruled the motion. The

defendants then filed a general and special demurrer to the petition, which was argued and overruled. They then filed an answer denying all the material allegations of the petition, and the pleadings finally came to an end with a cross-petition, by which the defendants claimed damages to the remainder of their land. The defendants protested against the right of the court to empanel a jury, but a jury was selected, which heard the evidence, viewed the premises and returned a verdict finding the compensation for the acre of land to be $200 and the damages to lands not taken $90. The defendants objected to receiving the verdict, moved to set it aside and dismiss the suit, and also entered their motion in arrest of judgment, but all the motions were overruled. Judgment was rendered on the verdict and an appeal was taken.

On the hearing of the motion to dismiss the petition the material facts proved were as follows: The district had a school house site a quarter of a mile west of the tract of land in question, with an old school house which had been located there for more than thirty years. On July 17, 1913, the trustees were petitioned by a majority of the legal voters to sell the old school house and site as unsuitable and inconvenient. The trustees passed on the petition and ordered the old site to be sold, and the directors also decided that the old school house was unsuitable and inconvenient. On July 26, 1913, an election was held to vote for or against purchasing the tract in question for a school house site, and the ballots used were for or against said proposition and for or against issuing bonds to the amount of $1500 to build a new school house. There were seventeen votes in favor of each proposition and eighteen against each. On September 5, 1913, a second election was held to vote for or against issuing $1500 of bonds to build a new school house, with somewhat different terms from the former proposition, and for or against the proposition of locating and purchasing a school house site. Ballots were

used at the election to vote for or against three different sites, one lot of ballots being for or against this tract, another for or against the old site, and a third for still another site. There were twenty-three ballots in favor of the tract in question, nineteen for the old school house site and none for the third site. There were twenty-one votes for and nineteen against issuing the bonds.

The ground for claiming a want of authority to take the defendants' land for a school house site is, that the election held on July 26, 1913, resulted in a majority of one against the selection and purchasing of that site, and that, as a matter of law, the question could not be re-submitted until the conditions were materially changed. To sustain this proposition counsel rely on *Kiehna* v. *Mansker*, 178 Ill. 15, in which case a majority of the voters at an election held for the purpose selected a school house site, and it was held that when the site was so selected by the votes of the people it became the school house site of the district, and the directors had no power to select another site and annul the action of the voters. This case is different in the fact that the voters had not selected any site. A majority had voted at the election of July 26, 1913, against the proposition to purchase this site but had not selected any other. As there had been no choice by the voters of a school house site one was yet to be selected, and it was the duty of the directors to proceed until some site should be selected. This state of facts renders the decision in the case relied upon inapplicable, and the court did not err in overruling the motion. The petition was sufficient to show the authority of the petitioners to maintain the proceeding, and the court did not err in overruling the motion.

The tract of land was described as one acre in the form of a square inside of the fences as they were located, and there was a road forty feet wide adjoining the tract outside of the fences. On the cross-examination of a witness for the petitioners he was asked if he did not know that

the defendants purchased the land to the center of the road, and the objection was sustained. The petition admitted the ownership of the acre of land described in it and it was for the defendants to prove their title to any other lands, of which their deed was the best evidence. This witness, however, and the other witnesses, showed familiarity with the location and the width of the road and were examined with reference to the damages which the defendants would sustain, taking into consideration the fact that they owned the land to the center of the road. There was no misunderstanding about the fact and no error in the ruling. There are other objections to rulings in the admission of testimony by which the court limited witnesses to market values, and the rulings were right.

The court gave instructions for the petitioners advising the jury, in fixing the compensation for the land actually taken, not to include damages to the adjoining land, and in determining the damages to lands not taken to consider the effect upon market values, and the rules stated were correct. Five instructions tendered by the defendants were refused. One of them stated that the plaintiffs had no right to maintain the proceeding; that the evidence was withdrawn from the jury and that they were discharged, and it did not state the law. The others did not limit the damages to market values and they were properly refused.

The compensation and damages awarded were within the range of the testimony, and so far as we can see were fair to the defendants. The land was mortgaged for a little over $60 per acre, and the court ordered $60 of the compensation to be paid to the mortgagees. The mortgage interest was taken by the judgment, and it was proper to direct the payment.

The judgment is affirmed.           *Judgment affirmed.*