(No. 848—Claim denied.)

LESLIE R. HENLINE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

HARD ROADS—*when claimant not entitled to be compensated.* The State is not liable to compensate claimant, who as a mortgagee with knowledge that the land is being taken for the construction of the State hard road, receives a part of the consideration paid to the mortgagor in condemnation for the right of way and credits same on the mortgage indebtedness.

WILLIAM C. RADLIFF, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On January 22, 1920, Jesse E. Haworth executed a trust deed conveying to Frank O. Hanson, trustee, 88 acres of land in McLean county to secure the payment of his note of even date, payable to his order, for $11,000.00, due in five years, with interest thereon at 5½%. The note was duly endorsed and delivered to Hans Sachs, conservator for Arnetta O. Gregory. Thereafter, on May 23, 1921, Haworth executed and delivered an instrument conveying to the People of the State of Illinois a strip of ground across a portion of said land for the right of way of State Route No. 4, which instrument was filed for record in the recorder's office of McLean county August 9, 1922, and recorded in Book 352 of Deeds at page 150. The right of way contained 5.02 acres, for which $752.00 was paid to Haworth. At the time the release for the right of way was taken Haworth was the owner of the land and Sachs was the owner of the note secured by the trust deed. Haworth was given a check for $125.00 by persons who represented the State in the transaction, which check was endorsed by him and delivered to Sachs, who credited it on the interest due on the note. Sachs knew that Haworth had signed and delivered the release for the right of way, and it is evident the $125.00 check given him by Haworth was part of the $752.00 paid Haworth for the release. Sachs knew of the conveyance of the right of way by Haworth and did not object to it. It is apparent he consented to it, as he testified that he was satisfied the taking of the strip of land for right of way would not jeopardize his ward's interest because he thought the hard road would add enough to the value of the farm to compensate for the land used.

The interest due July 22, 1922, and January 22, 1923, on the $11,000.00 note held by Sachs not being paid, the whole debt was declared due and a bill filed in the circuit court of McLean county to foreclose the trust deed, and a decree of foreclosure granted April 28, 1923. The decree provided that the master in chancery should issue a certificate to Sachs, as provided by the act approved June 11, 1917, and that if the land was not redeemed within 15 months from the date of the certificate, the master should sell it to satisfy the amount due and costs. The land, not having been redeemed, the master sold it September 13, 1924, to claimant for $19,712.00 cash, which was more than the amount due Sachs, including interest, solicitor's fees, costs, and expenses of the sale. The master in chancery furnished claimant an abstract of the title to the land, which claimant had his attorney examine. This abstract showed the conveyance of the right of way by Haworth and that the consideration paid for it was $752.00. Claimant knew as early as November, 1921, that the road was located on the land in question, and at the time he bought it he knew the pavement had been laid and the road completed.

The record also shows that Haworth is insolvent and that there is a number of unsatisfied judgments against him.

Claimant asks that the State pay him the $752.00 heretofore paid to Haworth upon condition that he execute and deliver an instrument conveying the right of way in question to the State. The Attorney General filed a general demurrer to claimant's declaration. As both parties have submitted evidence, the demurrer will be overruled and the case heard as if a general traverse of the declaration had been filed.

The right of the State is paramount to that of the individual. Every person who owns property holds it subject to the right of the State to take it for public use. The only limitation upon the power of the State to take private property for public use is, that it cannot be taken without just compensation to the owner. If the owner and the State cannot agree upon the compensation, the State may have the compensation fixed by a court of competent jurisdiction. Before the aid of the court can be invoked the State must endeavor to agree with the owner upon the amount to be paid for the property to be taken. If no agreement can be reached a petition may be filed in court to have the value of the property ascertained. If an agreement is reached no petition can or need be filed, as the owner, upon payment of the amount

agreed on, can convey the property needed. All persons having an interest in the property must be made parties to proceedings for condemnation. If the property is mortgaged the owner of the mortgage is a necessary party. But he cannot defeat the right of the State to take the property. All he can do is have the court protect his interest by ordering an equitable portion of the compensation awarded paid to him to be applied on the debt secured by the mortgage. (*Trustees of Schools* v. *Harshman,* 262 Ill. 72.)

In the present case no persons had any interest in the land taken for the right of way of the road except Jesse E. Haworth and Hans Sachs. Haworth owned the fee, subject to the mortgage, and Sachs owned the mortgage. Haworth agreed with the representatives of the State to convey the right of way for $752.00. He executed and delivered the conveyance of the right of way and the $752.00 was paid to him. Sachs knew of this agreement and conveyance, and was virtually a party to it. He received $125.00 of the money paid to Haworth and credited it on the mortgage debt due to him from Haworth. He was satisfied with the arrangement because, in his judgment, the construction of the paved road would increase the value of the mortgaged property more than the value of the land taken for right of way. In this view he was probably correct. In any event the land sold for several thousand dollars more than enough to pay his debt, interest and costs, and neither he nor Haworth suffered any loss because of the conveyance of the right of way to the State.

With knowledge of these facts, claimant voluntarily purchased the property, and to now require the State to pay for it a second time would be highly unjust and inequitable. The claim will be disallowed and the cause dismissed.