JOSEPH HACKER

*v.*

JOHN BARTON *et al.*

1. CHANCERY—*when parties remitted to courts of law.* As a general rule, it is better, in all cases of doubtful character, presenting a conflict of evidence, that the parties should be remitted to whatever remedy they may have at law, although equity might entertain jurisdiction.

2. Where a bill was filed to prevent trespass upon land, on the ground of irreparable injury, and the question of complainant's ownership and possession, as also the question of a dedication of the land to the public, were left doubtful, from the evidence, it was *held* proper to dismiss the bill, without prejudice, so that the controverted questions could be first settled at law, after which either party might invoke a court of chancery to prevent vexatious litigation in regard to the same subject matter.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. RICHARD M. SKINNER, and Mr. GEORGE W. STIPP, for the plaintiff in error.

Messrs. PETERS, ECKLES & KYLE, for the defendants in error.

314      HACKER *v.* BARTON *et al.*      [Sept. T.

Opinion of the Court.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

As a general rule, it is better, in all cases of doubtful character, presenting a conflict of evidence, parties should be remitted to whatever remedy they may have at law, although equity might entertain jurisdiction. *Wing et al.* v. *Sherrer*, 77 Ill. 200. The case at bar is eminently one of that character. Complainant alleges, in his bill, he is owner in fee simple of a strip of land between lots 20 and 21 of surplus land of the village of Providence and the section line west; that he is and has been in actual possession of same; that defendants have committed trespasses upon it, and threaten to do other injuries, which it is claimed will occasion irreparable mischief that can not be adequately compensated in money.

On the other hand, defendants deny complainant is owner of the land where he alleges trespasses were committed; that the proprietors of the village, in platting their lands, reserved a private way over it for use of lot owners, and that it has been so used for a great number of years, until complainant, of his own wrong, inclosed it with his adjoining lots, when defendants, as they had lawful right to do, removed the obstructions.

The evidence in this record is as conflicting and antagonistic as are the opposing interests of parties litigant. Without intending to say anything that might in the slightest degree affect the rights of either party in any action at law, we may say, both propositions asserted and denied in the respective pleadings, viz: ownership of the land, and the fact of dedication to public uses, are so much involved in doubt they ought to be made subjects of investigation in appropriate actions at law. Especially, in regard to the alleged fact of dedication of land to public uses, there is irreconcilable conflict in the testimony. That of one party must be rejected, and that is always a matter of great delicacy with the court trying causes as a chancellor. When the questions indicated, upon which the whole controversy depends, have been settled in a court of law, either party might appropriately invoke the aid of a court

of chancery to prevent vexatious litigation in regard to the same subject matter.

Proper practice would have been, to dismiss complainant's bill, without prejudice, that he might not be embarrassed in asserting whatever rights he may have, at law. With that modification made in this court, the decree will be affirmed.

*Decree affirmed.*