## Will S. Jack, Appellant, v. George A. Blettner et al., Appellees.

### Gen. No. 14,488.

1. PLEADING—*when bill of complaint multifarious.* A bill in equity which as to one defendant prays a money decree and as to another an injunction, etc., and which as to others neither seeks nor justifies any relief, is multifarious.

2. CHANCERY—*when will not take cognizance of fraud as basis for relief.* While equity and law have concurrent jurisdiction to relieve against fraud, still when the remedy at law is adequate and complete and not surrounded with obstacles or unusual inconvenience, equity will not interfere but will leave the parties to obtain redress at law; likewise, where the parties are entitled to a jury trial to determine questions of fact in dispute, it is the policy of equity not to take jurisdiction but to relegate the parties to that remedy at law where their constitutional right to have the facts in dispute submitted to a jury, can be accorded to them.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed May 20, 1909.

Statement by the Court. Complainant filed in the Circuit Court his bill praying for an injunction restraining all the defendants from prosecuting in the Municipal Court of Chicago a suit entitled George A. Blettner v. L. F. Bowyer *et al.,* brought on a promissory note made by defendant L. F. Bowyer, payable to the order of defendant Maud H. Jack, for the sum of $500, and restraining Bowyer from paying the note until the further order of the court. The ultimate relief prayed is, that the endorsement of complainant upon the Bowyer $500 note and delivery of the same by him to the defendant Gray may be cancelled and set aside as having been procured by fraud, deceit and circumvention, and that defendant Blettner may be restrained from prosecuting a suit on said $500 note then pending in the Municipal Court of Chicago, and from taking any further steps to collect the same, and

from endorsing, transferring or disposing of the said note, and that Bowyer may likewise be restrained from paying or settling or compromising said note, and that upon a final hearing the injunction may be made perpetual, and that the promissory note for $500 may be surrendered and delivered to complainant as his own property, and that the defendant Gray may be decreed to pay him the sum of $100 obtained from complainant by fraud, and for other and further relief, etc.

The circumstances under which the transaction sought to be avoided was brought about, are in substance, as they appear from the bill, about as follows: Defendant Fred S. Gray claimed to own a saloon and liquor store at No. 3865 Cottage Grove avenue, of which he was in possession, of the value of $5,000. On April 13, 1907, complainant was in the saloon of Gray, who then represented, for the purpose of inducing complainant to purchase a half interest therein, that the business conducted in said saloon was very profitable and that the gross receipts frequently amounted to as much as $600 in one day; that the place was free from liens and encumbrances; that all of said representations were false when made, and so known to be false by Gray when he made them; that in fact the receipts of said saloon were small and barely sufficient to pay running expenses; that the saloon and its contents were mortgaged for a large sum to the Berghoff Brewing Company of Chicago; that Gray, in furtherance of carrying out his fraudulent scheme, and to deceive and prevent complainant from inquiring into the true condition and situation of said saloon business, induced complainant to partake freely of intoxicating liquor, which he did to such an extent that he became drunk and intoxicated and totally unable to intelligently transact business; that while in such drunken state Gray induced complainant to pay him the sum of $100 in money, and to assign and deliver to him a promissory note made by defendant Bowyer, payable on Septem-

ber 15, 1907, to the order of his sister-in-law, the defendant Maud H. Jack, for the sum of $500, which note Maud H. Jack had endorsed and delivered to him; that he was induced to pay said money and deliver said note as earnest money for a half interest in Gray's saloon and business, and · pending the time during which complainant could examine into the title of Gray to the saloon property; that complainant did not receive any receipt for said payments or any bill of sale or other conveyance of any interest in the saloon of Gray; that the intoxication of complainant was so profound that he became unconscious and in such unconscious condition was taken to his home, and as a result of such intoxication he became sick and remained confined to his home and his bed for several weeks thereafter; that upon recovering from his sickness he learned that the Berghoff Brewing Company had foreclosed its mortgage upon the saloon and its contents and ousted Gray from possession thereof; that on maturity of the note defendant Blettner, claiming to be its legal owner, through his attorneys, the defendants Hebel and Haft, commenced suit theron, in the Municipal Court of Chicago, against Gray, Maud H. Jack and complainant as endorsers, and Bowyer as maker of the note; that defendant Blettner was the agent of the Berghoff Brewing Company and was not an innocent purchaser for value, but was privy to the frauds practiced upon complainant, by which the transfer of the note was procured to Gray, and was present in Gray's saloon at the time of the transaction and witnessed the artifices resorted to by Gray in procuring the note and the money from complainant; that Blettner paid no consideration to Gray for said note; that no defendant other than Bowyer was summoned in the suit brought in the Municipal Court on the note.

A temporary injunction was awarded *ex parte* and without notice, in bond of $1,000. A general demurrer was interposed to the bill, which upon hearing was sustained, and, complainant electing to stand by his bill,

the temporary injunction was dissolved and the bill dismissed for want of equity. To reverse the decree so disposing of complainant's bill this appeal is prosecuted.

HENRY D. BEAM and BAZEL. W. VIERS, for appellant.

HEBEL & HAFT, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This bill is multifarious. This is so as to the subject-matter of the relief prayed against defendants. There is also a misjoinder of parties defendant. As against the defendant Gray complainant seeks a decree for the payment of $100 only. Such is the limit of the relief asked against Gray. As to the defendant Blettner, the transaction as to the note of which he is the holder is sought to be avoided by eliminating therefrom the endorsements of Gray and complainant and the re-investing complainant with the title thereto and the enjoining of the prosecution of the suit in the Municipal Court. The relief thus attempted to be procured is divergent, and as to some of the defendants no relief at all is either sought or is possible under the averments of the bill. Surely the lawyers, the defendants Hebel and Haft, are in no way responsible for the *mala fides* charged in the bill against Gray and Blettner, and no reason appears why they should be joined as parties in the bill. If an injunction was invokable, its running against Blettner would have been all sufficient to arrest the prosecution of the action in the Municipal Court, and a decree requiring Blettner to deliver the note in controversy to complainant would have accomplished the end desired, which could not be strengthened or made more effective by any order against the attorneys in that suit. We think it quite plain that, the averments of complainant's bill being conceded to be true, the facts there alleged make it

patent that his remedy, if any, is at law and not in equity. There is no averment of insolvency of Gray or Blettner, and an action for fraud and deceit against them, jointly or separately, would seem to furnish a complete and effectual remedy to complainant for the wrongs he alleges he has suffered at their hands. While equity and law have concurrent jurisdiction to relieve against fraud, still when the remedy at law is, as here, adequate and complete and not surrounded with obstacles or unusual inconvenience, equity will not interfere, but leave the parties to obtain redress at law. In a case like the one before us, involving questions of fact, presumably in dispute, where the parties are entitled to a trial by a jury to determine such questions of fact, it is the policy of equity not to take jurisdiction, but to relegate the parties to that remedy at law where their constitutional right to have the facts in dispute submitted to a jury can be accorded them. This would be so even in a doubtful case, which the case at bar certainly is not. Shenehon v. Ill. Life Ins. Co., 100 Ill. App. 281; Hacker v. Barton, 84 Ill. 313.

Complainant's counsel cite Vol. 14, p. 172, Am. & Eng. Ency. of Law, and cases there cited, to sustain their contention that equity will take jurisdiction in cases of fraud of the character of the case disclosed by the bill, and make the following quotation, viz: "Subject to a few exceptions, courts of equity exercise a general jurisdiction to grant relief in cases of fraud, concurrent with the jurisdiction of courts of law. It is a general rule, however, that a court of equity will not assume jurisdiction in a case where there is a plain, adequate and complete remedy at law, even though fraud is charged as a ground of relief. But to exclude jurisdiction, it is not enough merely to show that there is a remedy at law. The remedy must be plain, adequate and complete." We accord our approval of this statement of the law and, conceding its correctness, its application to the case at bar inhibits

the right of complainant to any relief in equity. His remedy is complete, plain and adequate at law. There is no reason apparent from any averment of the bill, on the assumption that all of them are susceptible of proof, why a court of law cannot grant full and complete relief to complainant for the frauds alleged in his bill to have been practiced upon him.

The Circuit Court did not err in sustaining the demurrer to complainant's bill and dismissing the same for want of equity, and its decree is therefore affirmed.

*Affirmed.*